# Thomas *v.* Bellamy.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Action by employe against employer; what necessary to fasten liability upon employer.*—In an action by an employe against an employer to recover damages for personal injuries sustained while operating a machine in the discharge of his duties, where the injury sustained is alleged to have resulted from defects in machinery of the defendant, the defendant is not liable if the plaintiff knew of the defect complained of and failed in a reasonable time to give information thereof to the employer or to some person superior to himself in the service of the employer, unless he knew the employer or such superior was already aware of the defect; nor is the employer liable unless the defeet arose from or had not been discovered or remedied owing to the negligence of the master or employe, or of some person in his service entrusted by him with the duty of seeing that the machinery was in proper condition; and in the absence

of evidence showing the one or the other of these facts, the plaintiff can not recover.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. THOS. R. ROULHAC.

This was an action brought by the appellant, Ben Thomas, who was a minor, through his next friend, against A. D. Bellamy as receiver of the Florence Wagon Company. The plaintiff, while in the employment of the defendant, as receiver of the Florence Wagon Company, was injured in the discharge of his duties.

The complaint, as originally filed, contained four counts. Demurrers were interposed to these counts, which demurrers were confessed by the plaintiff. Thereupon the plaintiff amended his complaint by adding other counts, in some of which he alleged that the injury sustained by him was caused by reason of defects in the condition of the machinery or plant used by the defendant in conducting its business. In other counts of the complaint the evidence complained of was that of one Charles Morrison who was employed by the defendant as superintendent of the defendant's plant; such negligence being in failing to repair the machinery which the plaintiff had to work. The facts of the case are sufficiently stated in the opinion.

The defendant introduced no evidence, and upon the introduction of the evidence for the plaintiff, the court, at the request of the defendant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

R. T. SIMPSON and EMMET O'NEAL, for appellant.

SIMPSON & JONES, contra, cited *Seaboard Manfg. Co. v. Woodson,* 94 Ala. 143; *Mary Lee C. & R. Co. v. Chambliss,* 97 Ala. 171; *L. & N. R. R. Co. v. Binion,* 98 Ala. 574; *L. & N. R. R. Co. v. Bouldin,* 110 Ala. 185.

TYSON, J.—There are but two assignments of error on the record. The first is based upon the sustaining by the court of a demurrer to the original counts of the complaint. The record discloses that this demurrer was confessed by the plaintiff. He cannot now, of course, have the action of the court in respect to it reviewed.

The other assignment is based upon the action of the court in giving, at the request of the defendant, the general affirmative charge.

There are two contentions insisted upon in argument and we quote them: "1. The evidence adduced by the appellant tends to show that the injury was caused by reason of the defects in the condition of the machinery, or plant connected with and used by appellee in conducting its business. 2. The evidence tends to show that the injury to appellant was caused by reason of the negligence of a person in the service or employment of the master or employer, who had the supervision or superintendence in keeping in repair the punch machine that injured appellant."

It is manifest from this statement that the plaintiff predicates his right of recovery upon an injury received on account of an alleged or supposed defect in a punch machine. But the master or employer is not liable for such injury if the plaintiff, whom the evidence shows was an employe to use the machine, knew of the defect and failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master or employer, unless he was aware that the master or employer or such superior already knew of such defect; nor is the master or employer liable unless the defect arose from or had not been discovered or remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer and intrusted by him with the duty of seeing that the machine was in proper condition.— Code, § 1749.

The evidence of the plaintiff himself shows that he had been working in the wagon works of the defendant

for three years and had been for several weeks operating the punch machine, which had been in the works about one year. That a few days before the accident he discovered that the machine would not hold the punch on account of the threads by which it was held being worn and out of repair. He at once reported this condition to one Charles Morrison, who was the head of the blacksmith department in which he worked and whose orders he obeyed. Morrison had a mechanic to cut new threads on the punch and fix the machine. Two or three days before the accident the machine got out of repair again and upon his informing Morrison, he had it repaired a second time. On the morning the injury occurred he says: "I screwed in the punch as tight as possible and let the punch down once with my hand to be sure it would strike the hole in the die. It came down all right. I then set the belt and started the machinery, and the punch came out of the machine and struck the die, which blow broke the punch and struck me in the eye." On cross-examination he testified: "I was always very careful to see that the die was in place so that the punch would strike the hole in the die. At the time that the accident occurred I first let down the punch with my hand and then the second time with the power. A die was under the punch and the first time it came down exactly in the right place. Both times the punch struck the hole in the die in the center. The third time the punch went down was the time my eye was destroyed. I do not know whether it struck in the die all right or not the last time. There was no iron in the machine being punched at the time the accident occurred."

Without quoting further from the evidence, we will state that it shows that this machine was being used for the purpose of punching holes through sheet iron. Other witnesses were examined by the plaintiff, but their testimony sheds no light upon the question as to whether the plaintiff knew of the defect and failed to give the information to his superior, or that the defect had not been remedied owing to the negligence of the

person intrusted with the duty of seeing that the machine was in proper condition. It is beyond adverse inference, that if the plaintiff knew on the morning of the accident that the punch was loose, that he gave no information of its condition to his employer or Morririson. The only reasonable inference to be drawn from his statement that he "screwed in the punch as tight as possible" on the morning of the accident, is, that he suspected that it would come out when he began to operate the machine. But, independent of this, it is not shown by the evidence of the plaintiff himself, or by any other witness that Morrison was intrusted by the defendant with the duty of seeing that the machine was in proper condition. At best the testimony of the plaintiff only shows that Morrison had some one to repair the machine whenever his attention was called by the plaintiff to its being out of order. On the contrary, the testimony of Fisher shows that it was "the duty of the foreman (Morrison) to carry out the orders of the superintendent, and that he had charge of all the machinery of the blacksmith department, but that he was not charged with the duty of keeping the machines in order."—*Mary Lee Coal & Railway Co. v. Chambliss,* 97 Ala. 171.

There is no error in the record, and the judgment is affirmed.