# Sloss-Sheffield Steel & Iron Co.
# v. Chamblee.

*Action for Damages for Injury to Employe.*

(Decided Jan. 21, 1909.    Rehearing denied Feb. 16, 1909.
48 South. 664.)

*Master and Servant; Pleading; Injury to Servant; Complaint.*— A complaint which alleges that the defendant was operating a coal mine and that on a certain day, while plaintiff was in pursuance of said employment in the service and employment of defendant and engaged in and about said business of defendant, while riding on a tram car of said defendant, which was being lowered in said mines by means of a wire rope or cable, said wire rope or cable broke, and as a proximate consequence plaintiff was injured, is good against de-

murrer that it fails to show that the injuries were received while plaintiff was performing duties in accordance with his service or employment, or that he was injured while in performance of duties which he was employed to do.

(Dowdell, C. J., Simpson and Anderson, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Dan Chamblee, against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff defendant appeals. Affirmed.

The amended complaint was in the following language: "The plaintiff claims of the defendant $3,000 as damages, for that heretofore, to wit, on the 5th day of January, 1906, the defendant was operating a coal mine, known as the 'Bessie Coal Mine,' in Jefferson county, Ala.; that on said day while plaintiff was, in pursuance to said employment, in the service and employment of defendant, and engaged in and about said business of defendant while riding on the tram car of said defendant, which was being lowered in said mine by means of a wire rope or cable, said wire rope or cable broke and gave way, and as a proximate consequence thereof plaintiff fell or was cast from said car, and his right eye and other parts of his body were bruised, cut, and otherwise injured, and his left hip, foot, and knee permanently injured, and he lost much time from his work, and suffered much mental anguish and physical pain; and plaintiff alleges that said wire rope or cable broke or gave way as aforesaid, and plaintiff suffered such injuries and damages, by reason of and as a proxmate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the said business of the defendant, which said defect arose from, or had not been discovered or remedied owing to, the negligence of the defendant, or of some person in the service or employment of defendant and

[Sloss-Sheffield Steel & Iron Co. v. Chamblee.]

intrusted by it with the duty of seeing that said ways, works, machinery, or plant were in proper condition. Said wire rope or cable was old, worn, cracked, rusty, weak, insecure, or otherwise defective."

The following demurrers were filed to this complaint: "(1) It fails to show the said injury was received while plaintiff was performing his duties under his service or employment. (2) It does not aver that plaintiff was injured while in the performance of the duties which he was employed to do. (3) It does not show that defendant violated any duties it owed to plaintiff. (4) The alleged defect is not sufficiently set forth in the complaint."

There was judgment for plaintiff in the sum of $250.

TILLMAN, GRUBB, BRADLEY & MORROW, and CHAS. RICE, for appellant. The court erred in overruling appellant's demurrers to the 2nd count.—*G. P. R. R. Co. v. Propst,* 85 Ala. 205. The court erred in refusing the charge requested by appellant.—*Wilson v. L. & N. R. R. Co.,* 85 Ala. 273.

JOSEPH P. COLLINS, JR., for appellee. The 2nd count was sufficient.—*Birm. Rolling Mills v. Rockhold,* 143 Ala. 127. The court did not err in reference to the charges given and refused.

SIMPSON, J.—This action was brought by the appellee against the appellant to recover damages for an injury claimed to have been received by the plaintiff by the breaking of a wire rope while the plaintiff was at work in a coal mine belonging to the defendant.

The first assignments insisted on relate to the overruling of demurrers to the complaint as amended. Said complaint states only inferentially that the plaintiff

was employed at all, and only that he was "engaged in or about said business of the defendant." It does not state that he was engaged in or about the "particular service" required by his employment. This court has said that under our statute the party claiming damages must be an employe, at the time of the injury, by contract, express or implied, binding on defendant, and the injury must be received while rendering the service required by the particular employment.—*Ga. Pac. R. R. v. Propst,* 85 Ala. 203, 205, 4 South. 711. This point was not presented by demurrer in the case of *Birmingham Rolling Mill Co. v. Rockhold,* 143 Ala. 115, 42 South. 96. The court erred in overruling said demurrer.

There was no error in the refusal of the court to give the fourth charge requested by the defendant. There was testimony tending to show that it was a part of the duties of the plaintiff to ride down with the empty cars, and the mere fact that he had been out of the mine for the purpose of getting his dinner did not change the fact that he was on duty in going down with the empty cars afterward.—*Birmingham Rolling Mill Co. v. Rockhold,* 143 Ala. 116 (7th h. n.), 127, 42 South. 96.

The remark quoted by counsel for appellant, from the case of *Wilson v. L. & N. R. R. Co.,* 85 Ala. 273, 4 South. 701, referred to the question of contributory negligence of an employe in descending from the top of a car for his own purpose, and not for any necessary purpose, by way that was obviously dangerous, when there was a safe way open to him.

The judgment of the court is reversed, and the cause remanded.

DOWDELL, ANDERSON, and DENSON, JJ., concur.

[Huggins v. Southern Ry. Co.]

## On Rehearing.

PER CURIAM.—The majority of the court, consisting of DENSON, McCLELLAN, MAYFIELD, and SAYRE, JJ., hold that the amended count was sufficient. The case is accordingly affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., dissent.

*Action for Damages for Injury to Employe.*

