# Green *v*. Bessemer Coal, I. & Land Co.

## *Injury to Employe.*

(Decided May 20, 1909. Rehearing denied June 30, 1909.
50 South. 289.)

1. *Master and Servant; Injury to Servant; Complaint.*—An averment in a complaint in an action for injury to a servant that the servant at the time of his death was in the employment of the defendant in or about the operation of its mines, is not the equivalent of an averment that the servant was at the time engaged in the performance of a duty imposed by his employment.

2. *Same.*—An allegation that the servant was going down the slope upon a tram car while in the performance of his duties, though general, is sufficient.

3. *Same.*—An allegation in a complaint for injuries to a servant that the servant had a right to be on a tram car is not tantamount to the further allegation necessary to the maintenance of the action that he was there in discharge of some duty imposed by his employment, and in the absence of such latter averment, the count is demurrable.

4. *Same; Safe Place to Work; Safety Catches.*—Section 1028, Code 1907, has no application to a tram car operating upon a slope or inclined track, although used for hoisting and lowering persons; the duty imposed by said section is enforced by penal provision (sec. 7418, Code 1907) and hence, requires a stricter construction.

5. *Same; Assumption of Risk.*—An employe is not put in the attitude of assuming the risk from a defect not known to him and not so obvious that he must be presumed to have known, although he had notice of such danger in riding on a tram car as inhered in its operation under conditions necessarily obtaining; but this, without more, is not sufficient.

6. *Same; Rules; Customary Violation.*—Where a miner was instructed not to ride upon a tram car a contrary custom could not estop the employer to impose his will on the employe in the particular instance.

7. *Appeal and Error; Transcript; Requisites and Sufficiency.*—Rule 26, Sup. Ct. Pr. contributes much to the convenience of the consideration of a cause and should be observed in the making up of transcripts for appeals to this court.

8. *Same; Harmless Error.*—Where the legal effect of a count was not changed by an amendment made to meet a demurrer sustained thereto, the ruling in the first instance was harmless.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

39—162

Action by Mrs. M. A. Green, administratrix of the estate of W. T. Green, deceased, against the Bessemer Coal, Iron & Land Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.     .

The following counts of the complaint are referred to in the opinion:

(4) "The plaintiff, as administratrix of the estate of W. T. Green, claims of the defendant, the Bessemer Coal, Iron & Land Company, a corporation, the sum of $15,000 as damages, for that heretofore, to wit, on the 11th day of March, 1907, the defendant was operating a coal mine at or near Belle Ellen, in Bibb county, Ala., by the slope system, and that on said day plaintiff's intestate was in the service or employment of the defendant in or about the operation of said mine, and that on said day the defendant in the operation of said mine was using a hoisting engine, and with it was letting down tram or dump coal cars into, and pulling them out of, said mine on a tram track by using a cable from said hoisting engine and fastened to said cars, the cars being coupled together, and that the intestate on said day, while in said tram or dump coal cars, and the said car was being lowered in the said mine by the means aforesaid with intestate upon it, and before said car had been lowered to the bottom of said mine, and while it was being lowered or let down the incline of said slope, the car upon which the intestate was riding and while the intestate was upon it, became detached or uncoupled from the car above it, and ran down said incline and killed the intestate as a proximate consequence thereof; and plaintiff avers that said cars became detached  or uncoupled, and ran down said slope, and killed the intestate as aforesaid, by reason and as a proximate consequence of the negligence of a person in the service or employment of the defendant who had superintendence

[Green v. Bessemer Coal, I. & Land Co.]

intrusted to him whilst in the exercise of such superintendence, viz., whose name is unknown to plaintiff, negligently caused or allowed said car to become detached or uncoupled as aforesaid, and thereby negligently caused the death as aforesaid of plaintiff's intestate."

(9) Same as 4, except that it is alleged that defendant was using the hoisting engine, drum or machine and coal cars for lowering and hoisting persons into and out of said mine, and while in the discharge of the duties of said employment he was being lowered by defendant by the means aforesaid into said mine, etc., same as fourth count. The negligence alleged is as follows: "That defendant on said day was using said car or cars as cages for the purpose of lowering and hoisting persons into and out of said mine without any approved safety catches attached to the said car or cars then and there being used as aforesaid, which proximately contributed to the injury and death of intestate. (This is the amended count.)

Count 10 is not set out.

(11) Same as 4, except that it is alleged that he was injured while going to his work down a certain slope in said mine of defendant, as he had a right to do, on a trip of cars attached to each other. The negligence alleged in this count is under the first subdivision of the employer's liability act (Code 1907, § 3910).

Plea 4: "Defendant is not liable in this action because plaintiff's intestate had notice that it was dangerous to ride on said tram cars, and had been warned and informed thereof, yet, notwithstanding said warning and knowledge, he negligently got on said car on the morning of the injury complained of, and proximately contributed to the said injury; and defendant says that he assumed the risk as to injuries received on account of his negligence."

Plea 8: "Plaintiff's intestate was himself guilty of negligence which proximately contributed to his death, in this: With knowledge of a safe way to walk to his place of work, and with knowledge of the danger of riding on said tram car, he negligently conducted himself in going to his said work by riding on said car."

Plea 10: "Defendant's foreman warned plaintiff's intestate that it was dangerous to ride on said tram car, and instructed said intestate not to ride on said tram car."

Plea 11: "Plaintiff's intestate was an employe of defendant, and his duties were in the main way in the said mine, and a safe way was provided for said intestate to walk to his place of work; and defendant says that said intestate was guilty himself of negligence which proximately contributed to his said injuries in this: With knowledge of the safe way to walk to his place of work, and with knowledge that it was dangerous to ride on the tram cars into said mine, negligently undertook to go to his place of work by riding on said cars."

The replication numbered 1, 3, and 4 set up a custom of the employes in riding to their work and an acquiescence with knowledge by the master that the servants were in the habit and custom of riding to their work on the cars as plaintiff's intestate was doing when he was killed. It is deemed unnecessary to set out replication No. 3.

LOGAN, VAN DEGRAAFF & FULLER, and ELLISON & COLLIER, for appellant. The court erred in sustaining demurrers to the 4th count.—*Williamson I. Co. v. McQueen,* 144 Ala. 265; *Bessemer L. Co. v. Campbell,* 121 Ala. 50; *Bear Creek M. Co. v. Parker,* 134 Ala. 293; *A. G. S. v. Davis,* 119 Ala. 573. The court erred in sus-

taining demurrer to the 9th count of the complaint originally and as amended.—Sec. 1028, Code 1907; *Deserant v. Cerillos, C. & R. Co.,* 178 U. S. 1123. Aside from the statute, it is the master's duty to furnish safe appliances, and safe working places.—137 Mass. 380; 80 Wis. 84; 1 L. R. A. 78; 111 A. S. 228. The court erred in sustaining demurrer to the 10th count.—*West Pratt C. Co. v. Andrews,* 43 South. 348. The court also erred in sustaining demurrer to the 11th count.—*Southern Ry. Co. v. Swinney,* 42 South. 811. The court erred in overruling demurrer to plea 4.—*Jones v. Pioneer Min. Co.,* 42 South. 999; 1 Dresser, sec. 97; *Robinson M. Co. v. Tolbert,* 132 Ala. 466. The same is true of the 8th plea.— 141 Ala. 206; 43 South. 378. The court erred in sustaining demurrers to replications 1, 2, 3 and 4.—*L. & N. v. York,* 128 Ala. 307; 12 Cyc. 1087-8.

LAVENDER & THOMPSON, and JOEL F. WEBB, for appellee. The court properly sustained demurrers to the 4th count.—*Jones v. Pioneer M. & M. Co.,* 149 Ala. 402; *Osborn v. Ala. S. & W. Co.,* 135 Ala. 571; *Woodward I. Co. v. Curl,* 44 South. 696. The court did not err in sustaining demurrers to the 9th count, since it shows that the tram car worked upon a slope or inclined track, and not upon a hoist, hence, section 1028, Code 1907, has no application. The court properly sustained demurrers to the 10th count of the complaint.—*Woodward I. Co. v. Curl, supra; G. P. Ry. Co. v. Propst,* 4 South. 711. The court properly sustained demurrers to count 9 as amended.—*Bir. R. & E. Co. v. Baylor,* 13 South. 793; *R. R. Co. v. Dusenberry,* 10 South. 274. The court properly overruled demurrers to plea 4.—*Mascot C. Co. v. Garret,* 47 South. 149; *Pioneer M. & M. Co. v. Thomas,* 32 South. 216; *Bessemer L. I. Co. v. DuBose,* 28 South. 380; *Worthington v. Goforth,* 26 South. 531. The court

properly overruled demurrer to plea 8.—26 Cyc. 1188; *Holcomb's Case*, 44 South. 136; *M. J. & K. C. R. R. Co. v. Bromberg*, 37 South. 395; *Geis v. T. C. I. & R. R. Co.*, 39 South. 301.

SAYRE, J.—Count 4 avers that plaintiff's intestate at the time of his injury and death was in the service or employment of the defendant in or about the operation of the defendant's mine. This is not the equivalent of an allegation that plaintiff's intestate was at the time engaged in or about the business of the defendant; that is to say, was at the time engaged in the performance of some duty imposed upon him by his employment. Non constat he was at the immediate time upon some errand or business of his own, although in a general way in the employment of the defendant. There was no error in sustaining the demurrer to this count. Count 9 attempts to state negligence on the part of the defendant in complying with section 1028 of the Code of 1907. It appears from the count that plaintiff's intestate was being lowered into the mine by means of an engine and drum attached, as we must suppose, by wire or cable, or in some such way, to the car upon which he was. The car was a coal car, but was used also for lowering and hoisting persons into and out of the mine. The car upon which intestate was became uncoupled from the car next above it and ran down the incline, thus causing his death. The negligence attributed to defendant consisted in the use of the car without approved safety catches attached to it. Section 1028 provides that approved safety catches shall be attached to the cage used for the purpose of hoisting and lowering persons into and out of mines. Perhaps we cannot judicially known that safety catches are devices which cannot be employed in connection with cars used for the purpose of hoist-

[Green v. Bessemer Coal, I. & Land Co.]

ing coals as well as persons out of mines, or even that
such devices would be unavaliable in the case of cages
used to carry coal and men up and down a perpendicu-
lar shaft if any be so used. However that may be, there
is no legislative requirement that cars operated upon a
slope or inclined track, though used for the hoisting and
lowering of persons, should be equipped with safety
catches. We are not disposed toward a narrow con-
struction of the statute, but we cannot ignore the
fact that the duty imposed by it is enforced by penal
provisions (Code 1907, § 7418), and we are not author-
ized to extend its application to a case not falling fairly
within its letter and spirit.—*E. T. V. & G. R. R. Co. v.
Bayliss,* 77 Ala. 429, 54 Am. Rep. 69; *Lewis v. Southern
Ry. Co.,* 143 Ala. 133, 38 South. 1023. There is no aver-
ment of negligence apart from the mere failure to com-
ply with the supposed statutory duty. The reliance is
upon the proposition . that a failure to attach safety
catches to cars operated upon an inclined track for the
hoisting of men and coals constitutes negligence per se.
We do not subscribe to this interpretation of the statute,
and accordingly rule that the demurrer was properly
sustained. Nor did the amendment better the count.
There is a patent effort to adapt the facts of plaintiff's
case to a statute which had no such case in contempla-
tion. The statute was designed to require safety catches
on cages operated in shafts, and to require adequate
brakes upon "every brake, drum, or machine for lower-
ing and hoisting persons into and out of the mines."
The further language of the statute shows that a cage
is not the machine to which a brake shall be attached.
It proceeds: "And also props and indicators which
shall show to the persons who works the machine the
position of the cage or load in the shaft or on the road-
way." We believe we may affirm that the statute does

not require safety catches upon "cages" which are attached below other "cages" and run upon inclines or roadways, nor does it require brakes upon cages in any case. As we have seen, there is a requirement of brakes, but they are required in another connection. The conjunction in the count of two ideas, each ineffectual standing alone, falls short of the statement of a cause of action.

The demurrer to count 10 as originally framed seems to have been sustained in response to those grounds of demurrer which took the point that it did not appear that plaintiff's intestate had a duty to perform upon the car. After demurrer sustained, plaintiff amended her complaint by averring that it was the duty of her intestate to be upon the car, whereupon the demurrer was overruled. But the original count averred that intestate was going down the slope upon the car "while in the performance of his duties. This general form of allegation was sufficient (*Sloss-Sheffield Co. v. Chamblee,* 159 Ala. 185, 48 South. 664), and its legal effect was not changed by the amendment. The error was therefore error without injury.

Count 11 alleges no more in respect to plaintiff's intestate being upon the car than that he had a right to be there. But it is obvious that his having to be there does not establish the other fact necessary to the maintenance of plaintiff's case, viz., that he was there in the discharge of some duty imposed upon him by his contract of employment. In default of an averment of this last fact, the count in question was defective, and the demurrer to it was properly sustained.

The manner of pleading adopted in this case, though not uncommon, did not conduce to an intelligible presentation of issues to the jury. Of the nine counts which withstood demurrer in the court below each dif-

fered materially from the others in its presentation of the facts upon which the plaintiff relied for recovery. Eight of them were framed under the employer's liability act (Code 1907, § 3910). One went upon the common law. Twelve pleas were addressed to each count severally and separately, and, we may add, indifferently. An examination of these pleas shows that a number of them are inapt as answers to several counts of the complaint. Demurrer to each plea was framed without any effort to discriminate between the merits of the plea as an answer to some counts and its merits as an answer to others. The judgment also was general and to the effect that demurrer to each plea be overruled or sustained. It is possible that such a judgment as to each plea may be affected with error or not as the plea is referred to one count or another. Briefs of counsel deal with the assignments of error based upon the action of the trial court in overruling demurrers to pleas in the same way. Without undertaking to thread our way repeatedly through the pleading in order to learn the exact application of grounds of demurrer to each plea as an answer to each count, we will consider such questions as counsel have argued, assuming, as counsel appear to have assumed, that they need to be considered only when presenting in facie an appearance of aptness.

Plea 4 was not a sufficient answer to those counts of the complaint which aver that plaintiff's intestate received his injury by reason of a specific defect in the ways, works, machinery, or plant of the defendant while riding upon the car as it was his duty to do. For aught that appears, the notice that it was dangerous to ride upon the cars was no more than notice of such danger as inhered in the operation of cars under conditions necessarily obtaining. Such notice, without more, did not put plaintiff's intestate in the attitude of assuming

the risk arising out of a specific defect not known to him, and not so obvious that he must be presumed to have known it. The demurrer to this plea should have been sustained. The same considerations dispose of the seventh and ninth assignments of error which relate to the action of the court in overruling demurrers to pleas 8 and 11. The argument for these pleas overlooks the allegations of the counts that it was the duty of the plaintiff's intestate to be upon the car. This alleged duty deprived intestate of a choice to go to his work in a different way. Plea 10, however, was not open to any objection assigned to it by the demurrer.

Replication 2, as it appears in the record, is unintelligible, due, no doubt, to errors in transcribing. Replications 1, 3, and 4 were no sufficient replies to plea 10, which alleged that defendant's foreman warned plaintiff's intestate that it was dangerous to ride on said tram car and instructed said intestate not to ride on said car, and this for a reason assigned by the demurrer. It must be conceded that in a number of predicaments general rules of the employer become indecisive factors in determining the conduct of employes, for the reason that the master by habitual or customary acquiescence in their violation, or by imposing duties which cannot be performed except by a violation of them, may estop himself to assert their continued binding force.—Labatt, Mas. & Ser. § 366. But in this case plea 10 avers that intestate was instructed not to ride on said car, and, of course, any custom or general rule to the contrary could not estop the employer to impose his will upon the employe in the particular instance by an instruction given for the purpose of controlling the conduct of the employe at the time. Against such an instruction a general rule or custom would not operate as an estoppel.

In conclusion we remark that the transcript of the record fails of compliance with rule 26 (Code 1907, p. 1512) in two respects: It is not prefaced by an index of its contents specifying the pages at which the various matters are to be found. There are no marginal references to the several matters to be found throughout the transcript. This rule contributes much to the convenience of the consideration of causes in this court, and should be observed.

For the error indicated, the judgment of the court below is reversed, and the cause is remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.

