# Sloss-Sheffield Steel & Iron Co. *v.* Triplett.

## *Damage for Injury to Servant.*

(Decided Jan. 16 ,1912. Rehearing denied Feb. 22, 1912.
58 South. 109.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that a servant was injured because of a defect in the ways, works, etc., and that the defect consisted in a stay which was insufficient to hold or enclose the cable which drew the tram cars from the mine, and that it had not been discovered and remedied, etc., owing to the negligence of the defendant, or of some person in its employ entrusted with the duty of seeing that its ways, works and machinery were in proper condition, shows with sufficient certainty that plaintiff was injured by the cable which drew the tram cars, and that the injury was due to the fact that the defendant had not provided a sufficient stay to keep the cable in its usual and proper position.

2. *Same; Master's Liability; Safe Place.*—A master's liability to provide a safe place for work is met by the exercise of reasonable care and skill to make the place reasonably safe to work; a master's liability is not unqualified.

3. *Same; Action for Injury.*—Where the undisputed evidence was that a post placed by the side of a passageway, near the entrance to the mine, was not sufficient to hold the tram cable used to bring the tram cars from the mine in case of a sudden stoppage of machinery, and that in such a case, the cable would fly over the post on the passageway, and endanger persons therefrom, there being no other protection to the passageway, the fact that the post had been erected solely for the purpose of preventing the cable from pulling cars from the track affords no excuse for injury therefrom to one on the passageway, since the character of the stay was fixed by its use.

4. *Same; Assumption of Risk; Promise to Repair.*—Where a servant knew that a post near a passageway was insufficient as a stay for the cable used in bringing tram cars from the mine, and upon complaint to one who had general charge of the mine was told that it would be fixed, the servant had a right to rely upon the assurance of such a person, and to presume after a lapse of three or four weeks that the danger pointed out had been remedied in some way.

5. *Same; Contributory Negligence; Jury Question.*—Under the evidence in this case it was a question for the jury as to whether plaintiff was guilty of contributory negligence in remaining at the place where he was injured.

6. *Same; Assumption of Risk; Jury Question.*—Under the evidence in this case it was a question for the jury whether plaintiff assumed the risk of the injury by remaining at the place where he was injured.

7. *Appeal and Error; Harmless Error; Evidence.*—Where there was no dispute in the evidence as to the fact that a post beside the passageway at the entrance to the mine was insufficient to hold in place a cable used in bringing up tram cars from the mine, in case of sudden stoppage of the machinery, it was harmless error to permit an answer to a question as to whether or not the post was high enough to keep the cable inside, and to protect persons on the passageway where plaintiff was hurt.

8. *Charge of Court; Covered by Those Given.*—It is not error to refuse instruction substantially covered by written instructions given.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. C. Triplett against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

For answer of Supreme Court to certified question, see 176 Ala., 58 South. 108.

The first count is as follows: "Plaintiff claims of the defendant $5,000 damages, for this: That heretofore, on, to wit, January 7, 1910, defendant was engaged in the following business in Jefferson county, Alabama, viz., the operation of a coal mine for the mining of coal, and plaintiff was in the service or employment of the defendant in the capacity of, to wit, a track man, and while in such service or employment, engaged in the discharge of his duty as such employee, the plaintiff had his shoulder injured. [Here follows catalogue of injuries and damages.] And plaintiff avers that his said wounds and injuries were the proximate consequence and caused by reason of a defect in the ways, works, machinery, or plant connected with or used in the business of defendant, which said defect arose from, or had not been discovered or remedied, owing to the negligence of the defendant, or of some person in the service

or employment of the defendant, and intrusted by it to see that the ways, works, machinery, or plant were in proper condition, viz.: There was not a sufficient stay to hold or inclose the rope which drew the tram cars."

The fifth assignment of error is as follows: "Overruling appellant's objection to the following question propounded by appellee to Dan McKay: 'I will ask you to state whether or not that post was high enough to keep the cable inside of the post, and to protect people on the passageway where he was hurt.' "

The eleventh assignment of error is as follows: "Refusal to give the following charge: 'If you believe from the evidence in this case that the post or stay was erected solely for the purpose of preventing the cable from pulling the cars from the track, you cannot find for the plaintiff under the first count.' "

Assignment 15: "In refusing the following charge: 'If you believe from the evidence in this case that the stay or post described in the complaint was erected and maintained for the purpose of protecting persons engaged in keeping the track in repair, and that it would not furnish such protection in every instance, you must find for the defendant.' "

TILLMAN, BRADLEY & MORROW, and J. S. STONE, for appellant. The only brief that came to the Reporter was the brief on rehearing which discusses count 4. This count was referred to the Supreme Court, and the decision in that case will be reported in the official volume of that court where a discussion of the brief will be set out.

GASTON & PETTUS, for appellee. The same is true as in the case of the brief of the appellee.

DE GRAFFENRIED, J.—1. It is evident from the first count of the complaint that the appellant, in the operation of its coal mine, drew the coal from its mine by means of tram cars operated by a cable or rope. It is a matter of common knowledge that, in mines so operated, the tram cars are let down into and drawn from the mines by means of cables attached to hoisting machines, called "drums." We think that the first count of the complaint shows with sufficient certainty that the appellee was injured by the cable which drew the tram cars, and that the injury was due to the fact that appellant had not provided a proper or sufficient stay to keep the cable in its usual and proper position.

2. Being in doubt as to whether count 4 of the complaint was subject to the demurrer interposed to it by the appellant, this court certified that question to the Supreme Court, and that court, in an opinion rendered on the certification, held that said count was not subject to the grounds of demurrer assigned to it by appellant.—*Sloss-Sheffield Steel & Iron Co. v. J. C. Triplett,* 176 Ala., 58 South. 108.

3. There does not seem to have been any dispute in the evidence about the fact that the post which had been placed by the side of the passageway, near the entrance to the mine, was insufficient to hold the cable in its proper place, in case of a wreck or a sudden stoppage of the machinery used in bringing the tram cars from the mine. It is therefore evident that, if the question propounded by the appellee to the witness McKay, and made the basis of the fifth assignment of error, was improper, the answer of the witness to the question was of no injury to appellant.

In the present case, there was evidence tending to show that the track on which the trams were operated was on the side of a passageway used by the employees

of the defendant, and that the post was erected between the passageway and the track upon which the trams were run. The post, which seems to have stood six feet above the ground, kept the cable by which the trams were operated upon the tram track, except in cases of wrecks or sudden stoppages. In cases of wrecks or sudden stoppages, the cable would fly over the post onto the passageway, and in such instances was a source of danger to persons on the passageway. While the post may have been erected by the appellant solely for the purpose of preventing the cable from pulling the cars from the track, nevertheless the post afforded, under the evidence, *some* protection as a stay to keep the cable off the passageway; and there was no evidence tending to show that the appellant provided any means, other than the post, as a stay to keep the cable in its proper situation. The appellant was under the duty of keeping its ways, works, and machinery in a reasonably safe condition; and as the appellant *used* the post as a stay to hold the cable in its proper position, and provided no other means for that purpose, it does not matter whether the post was erected solely for the purpose of preventing the cars from being pulled from the track by the cable or not. It was the *use* of the post as a stay which fixed its character as such under the facts of this case. Section 3 of the opinion of the Supreme Court in *Richmond & Danville R. Co. v. Bivins,* 103 Ala. 142, 15 South. 515, is in perfect accord with the above views. The eleventh and fifteenth assignments of error were not well taken.

4. The written charges which the court refused, at the request of appellant, to give to the jury, and which are made the basis of the eighth and fourteenth assignments of error, were fully covered by charges which the court gave to the jury at the appellant's request.

5. The evidence tends to show that the appellee, under the direction of a superior, erected the post on the edge. of the tramway, and that it was used by the appellant as a stay to prevent the cable from leaving the tramway track and getting into the passageway. The appellee knew that the post was insufficient as a stay on all occasions, and he saw John Sheff, the track boss, who had general charge of matters, and told him of the dangerous condition of the stay, and Sheff said "they would have it fixed." About three weeks or a month after that time, the appellee was injured, while engaged in the performance of his duties as an employe of the appellant, because, upon a sudden stoppage of a tram car, the cable flew over the post, striking the appellee and inflicting the injuries, the subject of this litigation. At the time of the injury, the appellee was standing near the post, and he knew that the post *alone*, in case of a sudden stoppage of the car, was not sufficient to keep the cable in its proper position; but he had a right to rely upon the statement of Sheff that "they would have it fixed," and to presume that the danger which he had previously pointed out, had been, in some way, provided against. While there was evidence tending to show that the appellee, from the fact that he was constantly about the mine, may have known that the danger, above referred to, had not, in fact, been provided against, nevertheless his evidence shows that he had not been required to work at the place where the injury occurred between the day when Sheff said "they would fix it" and the day on which the injury occurred. It was, therefore, in our opinion, for the jury to say, under all the evidence in the case, whether the appellee, in remaining at the place where he was injured, was guilty of contributory negligence.

[Republic Iron & Steel Co. v. Brown.]

We are also of òpinion, for the above reasons, that the issue of assumption of risk vel non was, under the evidence, also a question for the determination of the jury.—*Going v. Ala. Steel & Wire Co.*, 141 Ala. 537, 37 South. 784. The trial court therefore properly refused the written charges requested by appellant, instructing the jury that, under the evidence, they could not find for the plaintiff upon the first or fourth counts of the complaint. The assignments of error, not above discussed, are not insisted upon.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.