[New Connellsville C. & C. Company v. Kilgore.]

# New Connellsville C. & C. Company
# *v.* Kilgore.

## *Employee's Personal Injury Action.*

### (Decided May 9, 1912.   58 South. 966.)

1. *Master and Servant; Injury to Servant; Complaint.*—A complaint alleging that plaintiff suffered his injuries because defendant negligently failed to exercise due care in providing plaintiff a reasonably safe place to work, as it was defendant's duty to do, in that defendant negligently failed to provide appliances which would prevent a mine bucket from jumping out of a skidway, which negligence caused the injury, and that plaintiff was required to do his work near the shaft in which the skidway was located, etc., was not demurrable for failing to show that plaintiff was engaged in and about the duties of his employment at the time of the injury.

2. *Same.*—A count alleging that plaintiff suffered the injuries of which he complained because of the fact that the defendant negligently failed to exercise due care in providing him with reasonably safe tools and appliances, in that the defendant failed negligently to provide reasonably safe appliances for holding a mine bucket in the skidway, when said bucket was being lowered into and hoisted out of defendant's mine, was not demurrable.

3. *Same; Pleading.*—Where several of the counts of the complaint expressly alleged that defendant knew of the defects relied on to constitute the negligence, pleas filed to such count which fail to negative such knowledge on defendant's part were demurrable, as no duty rested on the servant to notify the master of the defect of which he already had knowledge.

4. *Same; Dangerous Appliances; Presumption.*—Where a servant in a mine was injured by a bucket jumping from a skidway owing to defects in the way, the servant was entitled to presume that the way was reasonably suited for the purposes for which it was designed in the absence of knowledge to the contrary, and hence, a plea which failed to allege that plaintiff knew or should have known that the rough and uneven condition of the way would, as a natural and proximate result, cause the bucket to jump therefrom, was demurrable.

5. *Same; Proximate Cause.*—Where the injury was caused by a bucket escaping from a skidway, and it was shown that the signal wire was defective, and did not work promptly, and if it had worked promptly, plaintiff would not have been injured, the defect in the wire was the proximate cause of the injury.

6. *Same; Different Ways; Selection; Negligence.*—Where a servant might have used two ways in signalling the engineer, one by means of the speaking tube, and one by the use of a defective

[New Connellsville C. & C. Company v. Kilgore.]

wire, which was fraught only with possible danger, and used the defective wire, and was injured, it was competent to show that the wire was customarily used, for the purpose of rebutting a charge of contributory negligence.

7. *Same.*—Where two ways are provided for signalling an engineer in a mine, one of which was safe, and the other fraught with no more than a possible danger, and which was customarily used, the fact that the plaintiff elected to use, the latter method under certain contingencies, and was injured, was insufficient as a matter of law, to charge him with contributory negligence.

8. *Pleading; Facts; Conclusion.*—A plea which does not set up facts but merely states conclusions, is demurrable.

9. *Appeal and Error; Harmless Error; Pleading.*—Where a defendant has the right to make, and does in fact make the same defense under pleas to which no demurrers were filed that he could have made under pleas to which demurrers were sustained, such defendant is not prejudiced by the sustaining of demurrers to such pleas, or where such defense was available under the general issue.

10. *Same; Record; Matters Presented; Charges.*—Charges which are not set out in the bill of exceptions cannot be reviewed on appeal.

11. *Same; Exceptions; Necessity for.*—Where no exception was taken to the oral charge of the court before the jury retired, such charge will not be reviewed on appeal.

12. *Same; Former Appeal; Law of Case.*—A decision of the Supreme Court on a former appeal is the law of the case on the retrial, and on the subsequent appeal where the facts are the same.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Robert Kilgore against the New Connellsville Coal & Coke Company, for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

By reference to a former report of this case, in 162 Ala. 642, 50 South. 205, counts 3, 4, 5, and 6 will be found substantially stated. Count 1 is as follows: "Plaintiff claims of defendant the sum of $10,000 as damages." Same as count 3, shown in former report, down to and including the words, "he was permanently injured and disabled," and adds: "And plaintiff avers that his said injuries were proximately caused by the negligence of defendnat in failing to exercise due care in providing him with a reasonably safe place in which

to do his work under his said employment, as it was his duty to do." Count 3 is the same as count 1, except that it alleges the negligent failure to exercise due care in providing him with reasonably safe tools and appliances. Count 1 was amended by adding the following at the end thereof: "In this: That plaintiff had to do his work under his employment near the shaft or slope of the defendant, in which there was a skidway on which was operated a bucket or other receptacle for coal and timbers, and defendant negligently failed to provide appliances which would prevent said bucket from jumping out of said skidway, and because thereof the said bucket caught plaintiff against the timber in said mine, proximately causing his injuries as aforesaid." Count 2 was afterwards amended by adding at the end thereof the following: "In that defendant failed to provide reasonably safe appliances for holding said bucket in said skidway, when said bucket was being lowered into and hoisted out of said mine." The demurrers are those set out in the former report. Plea 3 was filed to the third count of the complaint, as was plea 8.

JAMES L. DAVIDSON, and BEN G. BERRY, for appellant. The first count was under the common law liability of the master, and was demurrable as pointed out. —*Bir. M. & O. Co. v. Groover,* 48 South. 682; *Horan v. G. D. Hdw. Co.,* 48 South. 1029; *Rich v. Kilby F. & S. Co.,* 51 South. 377; *Tobler v. Pioneer M. & M. Co.,* 52 South. 86; *Boyd v. Indian Head Mills,* 31 South. 80; *Merriwether v. Sayre M. & M. Co.,* 49 South. 916; *Huyck v. McNerney,* 50 South. 926. On these same authorities, the demurrer to the second count should have been sustained. The fifth count was under the Employer's Liability Act, and the demurrers thereto should

[New Connellsville C. & C. Company v. Kilgore.]

have been sustained on the authorities cited above, and the case of *T. C. I. & R. R. Co. v. Walters,* 52 South. 328. The demurrers to the 3rd, 4th and 6th counts should have been sustained.—*Dusenberry's Case,* 94 Ala. 413; *Woodward I. Co. v. Curl,* 44 South. 971. The court erred in sustaining demurrers to the 3rd and 8th pleas.—*Rich v. Kilby F. & S. C. supra; Davis' Case,* 107 Ala. 626; *Orr's Case,* 91 Ala. 548. The court erred in sustaining demurrers to plea 2, to the 3rd, 4th, 5th and 6th counts.—*Thomas v. Bellamy,* 126 Ala. 253. The court erred in sustaining demurrers to plea 5, to the same counts.—*Ala. C. & C. Co. v. Heald,* 52 South. 172; *Ala. C. & C. Co. v. Hammond,* 47 South. 248. Counsel discuss the charges refused with citation of authority, but in view of the opinion, it is not deemed necessary to set them out.

ESTES, JONES & WELCH, and THOMAS T. HUEY, for appellee. Counsel insist that the 1st and 2nd counts do not fall within the rule laid down in the cases of *Bir. O. & M. Co. v. Groover,* 48 South. 682, and *Merriwether v. Sayre M. & M. Co.,* 49 South. 920, but that on the contrary, these cases support the count, and that the court properly overruled the demurrers. They further insist that counts 3, 4, 5 and 6 have been held good, on a former appeal in this case.—*New Connellsville C. & C. Co. v. Kilgore,* 162 Ala. 642. The court properly sustained demurrers to pleas 3 and 8, and to plea 2 as an answer to counts 3, 4, 5 and 6.—*Thomas v. Bellamy,* 28 South. 708. It is not error, or if error, it is without injury, to sustain demurrers to pleas where the defendant has the benefit of the same defense under other pleas. The written charges cannot be considered because not incorporated in the bill of exceptions.—*A. G. S. v. Dobbs,* 101 Ala. 219; *Knuckels v. The State,* 109 Ala. 2. The other

22 CA

matters complained of have been settled adversely to appellant, on the former appeal in this case.

DE GRAFFENRIED, J.—This suit was brought by the appellee to recover damages which the appellee claims he sustained while working as a servant for the appellant in a coal mine. It appears from the bill of exceptions that there was a groove, or "skidway," running from the top to the bottom of the airway in the mine. A bucket was raised and lowered to and from the bottom to the top of this "skidway" by means of a rope, which was attached to a drum in the engine room at the mouth of the mine, and which was operated by the engine. Running along the side of the skidway was a wire, which was attached to a bell in the engine room. This wire was used by the servants in the mine for the purpose of signaling the engineer as to the movements of the bucket, and for the purpose of letting him know when and where they desired the bucket to stop and what they desired him to do with the bucket. This wire was placed by the skidway for the above purpose. There was also a hollow tube or pipe through which communication might be had with the engineer; but this pipe appears to have been some distance from the skidway at the point where the injury occurred.       :

1. There were six counts to the complaint. The first count of the complaint counted upon the common-law liability of the appellant for a negligent failure to furnish the appellee with a reasonably safe place in which to work. The gravamen of this count was that appellee suffered the injuries of which he complained because the appellant *negligently* failed "to exercise *due care* in providing for appellee a reasonably safe place in which to do his work under his said employment, as it was his duty to do, in this, appellant negligently failed to pro-

vide appliances which would prevent said bucket from jumping out of said skidway." It is contended by the appellant that the count charges the appellant with too high a degree of care. This question does not seem to have been raised by any demurrer which the court passed upon. The record in this case is in a state of some confusion because of the unnecessary number of pleas and demurrers which were filed by the parties in the cause, and we are not able to say from the judgment entry that the demurrers which the appellant specially filed to counts 1 and 2 of the complaint were ever passed upon by the trial court. The judgment entry recites that the appellant "by *separate piece* of paper of this date files additional demurrers to the *complaint* on leave of the court first had and obtained," and that the court overruled the demurrers. We find in the record demurrers which were filed on the date of the above judgment entry, and which are on a separate piece of paper, and which are headed: "Comes the defendant and demurs to the complaint on file herein, and to each and every count thereof, as amended separately and severally on the fcllowing grounds." This demurrer contains 26 grounds, which, the demurrer says, is filed separately and severally, to each count of the complaint, and four additional grounds which, according to the demurrer, is filed to the fifth count. We presume that this is the demurrer which is referred to in the judgment entry, as it meets the language of the judgment entry.

In addition to the above demurrers, we also find in the record another set of demurrers, on another separate piece of paper, which were not filed to the entire complaint, or to all of its counts separately and severally, but *only* to the first and second counts of the complaint. As these last demurrers do not come with-

in the language of the court in the above-quoted judgment entry, we presume that they were not acted upon by the court, but that they were abandoned by appellant.

The first count of the complaint was certainly not subject to the grounds of demurrer which were interposed to it and which were passed upon by the court as shown by the judgment entry.—*Sloss-Sheffield Steel & Iron Co. v. Triplett, infra,* 58 South. 109; *Sloss-Sheffield Steel & Iron Co. v. Triplett,* 176 Ala., 58 South. 108; *Smith v. Watkins & Donelson,* 172 Ala. 502, 55 802, 55 South. 611; *New Connellsville Coal & Coke Co. v. Kilgore,* 162 Ala. 642, 50 South. 205.

2. For the reasons above assigned, and upon the authorities above cited, we are of opinion that the second count of the complaint was not subject to appellant's demurrer.

3. This case was before the Supreme Court on a former appeal, and for the reasons set out in the opinion rendered upon the former appeal we are of opinion that the third, fourth, fifth, and sixth counts of the complaint were not subject to the appellant's demurrer.— *New Connellsville Coal & Coke Co. v. Kilgore,* 162 Ala. 642, 50 South. 205.

4. The fifth count of the complaint, which the Supreme Court, on the former appeal, held to be sound, charges that "the signal wire from the bottom of the mine to the engine room was rough, crooked, and knotted, *thereby preventing* signals being *instantly* transmitted to the engineer, and *thereby* proximately causing said bucket to jump out of said skidway." Every village school boy knows that, if the rope which is attached to his school bell is jerked with the necessary force, the bell is *instantly* rung, provided the rope and bell perform the functions for which they were de-

signed, and that, thereby a school signal is instantly given. This count simply charges that the rope which was attached to the engine bell was defective, in that it was so rough, crooked, and knotted that it would not perform its proper functions and enable a party desiring to signal the engineer by pulling the cord to thereby instantly ring the signal bell, and thus, through the engineer, to stop or start the bucket, and that for this reason—because appellee was unable to thus quickly signal the engineer to stop the bucket—the bucket jumped out of the skidway and caused the injury. In other words, the count charges that if appellant had been able to signal the engineer instantly—as he could have done but for the defects in the signal wire or rope—the bucket would have been stopped at the desired place and the injury would not have occurred. The fifth count of the complaint was not subject to the special grounds of demurrer which the appellant interposed to it.—*Sloss-Sheffield S. & I. Co v. Chamblee,* 159 Ala. 185, 48 South. 664; *Smith v. Watkins & Donelson, supra; New Connellsville Coal & Coke Co. v. Kilgore, supra.*

5. The appellant can take nothing from his seventh assignment of error. While the judgment of the trial court shows that the demurrer to plea No. 3 was sustained, the record shows that said plea was not filed to count 1 of the complaint. What we have above said with reference to the seventh assignment of error also disposes of the eleventh assignment of error. Plea 8 was not filed to count 1 of the complaint.

6. Counsel for appellant in their brief substantially admit that plea 8 did not set up the facts upon which the alleged defense existed, but consisted merely of the conclusions of the pleader. Plea 8 was therefore admittedly subject to the demurrer which was interposed to it. This disposes of the twelfth assignment of error.

7. If appellant *knew* of the defects set up in counts 3, 4, 5, and 6 of the complaint (and these counts allege in express terms that *it* did *know* of such defects), then no duty rested upon the appellee to notify the master of such defects. Plea 2 fails to negative such knowledge on the part of the master, and as to counts 3, 4, 5, and 6 was subject to the appellee's demurrer.—*Thomas v. Bellamy,* 126 Ala. 253, 28 South. 707.

In addition to all of this, it seems to us that, under at least two of the numerous pleas which were filed by the appellant to the complaint in this cause to which the court did not sustain demurrers, the appellant had a right to make, and did in fact make, the defense which it undertook to set up in this plea, and that, if there was error in sustaining the appellee's demurrer to this plea as to any count of the complaint, the appellant suffered no injury thereby.

8. What we have above said as to the sufficiency of plea 2 as an answer to the third, fourth, fifth, and sixth counts of the complaint applies, in all things, to the fifth plea of the appellant to which the court sustained the appellee's demurrers.

9. Plea 3, as applied to the second count of the complaint, sets up no fact which could not have been given in evidence under the general issue.

10. Plea 13 was bad because it fails to aver that the appellee knew or should have known that the rough or uneven condition of the skidway would, as a natural and proximate result, cause the bucket to jump from the skidway. The appellee, in the absence of knowledge to the contrary, had a right to presume that the skidway was reasonably suited for the purposes for which it was designed, and the absence of an averment that he knew or should have known that on account of such rough or uneven condition the bucket would prob-

ably jump from the skidway, rendered the plea subject to the appellee's demurrer. We think that the criticisms of plea C by the Supreme Court on the former appeal (*Kilgore's Case, supra*) are applicable to the plea now under consideration.

11. This record contains 30 assignments of error going to the various rulings of the trial court on the pleadings. We have undertaken to give, in the above opinion, our reasons for holding that the action of the trial court (on all questions properly presented to us for review) on the pleadings was free from error. As this case had been, before the last trial, fully considered by the Supreme Court, the trial court had before it the opinion of the Supreme Court to guide it through the maze of unnecessary pleadings which counsel, after the first appeal, filed in the cause, and the court seems to have kept the pleadings, so far as we are able to discover, within legitimate bounds. We are therefore of the opinion that the first 30 assignments of error are without merit.

12. There are 15 assignments of error based upon the refusal of the trial court to give certain written charges to the jury at appellant's request. These assignments of error necessarily fall to the ground because none of the charges are set out in the bill of exceptions.—*Nuckols v. State,* 109 Ala. 2, 19 South. 504.

13. There was an exception taken to a portion of the court's oral charge to the jury. The record fails to show that this exception was taken before the jury retired to deliberate upon their verdict. This exception is, therefore, not before us for consideration.—*Davis v. Clausen,* 2 Ala. App. 378, 57 South. 79.

14. In holding that count 5 was not subject to demurrer on the former appeal, the Supreme Court disposed, effectively, of all the questions which are attempted to

be presented to us by the forty-sixth, forty-seventh, forty-eighth, forty-ninth, fiftieth, fifty-first, fifty-second, fifty-third, fifty-fourth, fifty-fifth, fifty-seventh, and sixty-third assignments of error. In order that we might dispose of all the questions properly presented to us by this record, which is, on this appeal, in a state of greater confusion than was the record when presented to the Supreme Court on the former appeal (and the Supreme Court, in its opinion on the former appeal, said, "The court calls attention to the fact that the record is in great confusion," etc.), we have read that record in connection with the opinion in that case, and it seems to us, as above stated, that the opinion in that case disposes, adversely to appellant, of all the questions presented by the above assignments of error.

By these assignments of error the appellant undertakes to get this court to hold that the defects in the signal rope or wire (which, at the time the appellee jerked it to signal the engineer to stop the bucket, would not convey the signal because of such defects and such defects *only,* for which reason, and for which reason *only,* the engineer did not instantly stop the bucket, on account of which *failure* of the engineer to *stop* the bucket, and on account of which *failure alone,* the bucket was *thrown out* of the skidway and *injured* appellee) could not, under the pleadings in the case, have been relevant on the question as to what was the cause of appellee's injury. In other words, the signal wire or rope would have properly *worked* but for its *defects.* If it had *worked,* the appellee would *not* have been injured. It did *not* work, and appellee *was* injured. There *was* an immediate, direct, proximate connection between appellee's injury and the *defects* in the wire. He was injured by the bucket, but the bucket struck him because the signal wire failed to work.

15. When the question arises as to whether a person acted negligently in doing a particular act, and there is evidence tending to show that there were two ways of doing the particular act, then, unless the way selected by such person in doing the act involved such obvious peril as raised the *legal* presumption or conclusion that the person acted negligently in doing the act, it may be shown that the person, in doing the act, chose the way in which it was the custom to do the particular act.— *Warden v. Louisville & Nashville R. Co.,* 94 Ala. 277, 10 South. 276, 14 L. R. A. 552.

In the instant case the evidence showed that the appellant's servants when in its mine could signal the engineer in two ways. One was by a speaking tube, and the other by the bell wire or rope. As the latter method of signaling the engineer was not so obviously dangerous as to render an act of signaling, by means of the bell wire or rope, negligence per se, it was competent for the appellee to show by testimony, in order that he might rebut any presumption that he was guilty of negligence in using the wire to signal the engineer, that it was the *custom* to signal the engineer by means of the wire or rope, instead of by the speaking tube.—*Warden v. L. & N. R. R. Co.,* 94 Ala. 277, 10 South. 276, 14 L. R. A. 552.

There was nothing in the objections of the appellant to the evidence of appellee tending to show the existence of the above custom.

16. The law does not preclude a servant from acting for his master out of mere consideration of *possible* danger. When he does an act which he knows is attended with *probable*—as distinguished from *possible*—danger, then, and only then, does the question of the *negligence* of the servant arise. In this case there were, as the evidence discloses, two ways for appellant's ser-

vants, while in the mine, to communicate with the engineer. One of these ways was through a tube which, according to at least some of the tendencies of the evidence, was put in the mine, not as a method of communicating with the engineer, but for the purpose of furnishing air to the mine. This tube was so arranged that by means of it the engineer could be communicated with, and some of the evidence tends to show that at times—in cases of emergency, as one of the witnesses puts it—it was so used. There could not, naturally, have been *any* danger in communicating with the engineer in this way.

The other way provided for communicating with the engineer was by means of the signal wire or rope above referred to. That there was *some* danger attendant upon communicating with the engineer by means of this wire or rope is disclosed by the fact that appellant was injured in attempting so to do. If, however, there was some mere possible—not a *probable*—danger in so using this wire provided for the purpose for which it was used by the appellee, then the fact that the use of the tube for the above purpose was attended by *no* danger and the use of the wire was attended by a mere *possibility* of danger did not render it negligent for appellee to so use it. The court was without error in refusing to require the appellee to answer the question made the basis of the fifty-eighth assignment of error.

17. The rulings of the court made the basis of the sixty-first, sixty-eighth, seventy-third, seventy-sixth, seventy-seventh, and seventy-eighth assignments of error were in accordance with the views expressed by the Supreme Court in its opinion on the first appeal, and were free from error.—*New Connellsville Coal & Coke Co. v. Kilgore,* 162 Ala. 656, 50 South. 205.

[Birmingham Railway, Light & Power Co. v. Barrett.]

18. We have above considered all of the assignments of error in which there appears to be the semblance of merit, or which, under the rules and decisions of the Supreme Court, can be considered as being insisted upon by appellant.

The judgment of the court below is affirmed.

Affirmed.