# Davis *v.* Clausen.

*Action to Recover Broker's Commission.*

(Decided Dec. 19, 1911.   57 South. 79.)

1. *Brokers; Real Estate; Authority.*—In the absence of a special agreement a real estate agent has authority only to find a purchaser and report him to the owner, and is without power to conclude a sale.

2. *Same; Commissions; When Earned.*—A broker employed to sell real estate is entitled to compensation when his principal sells to a purchaser procured by the broker, provided the broker is the efficient cause of bringing the minds of the seller and purchaser together, although all the negotiations were conducted by the principal with the purchaser.

3. *Same.*—Where a broker is employed to procure a purchaser for real estate, and hands to a third person a description of the property with the statement that it could be bought for a specific sum, and this act of his was the procuring cause of a subsequent sale made by the owner to such third person for a less sum than that specified, the broker becomes entitled to reasonable compensation for services rendered.

4. *Same; Evidence.*—Where the evidence showed that the owner conducted negotiations with the purchaser and the purchasr testified that the broker called his attention to the property before the purchase, but could not remember whether the broker was the first person who called his attention to the property, the testimony of third persons that they called the purchaser's attention to the property, and that, after the purchase, the purchaser told them that he had them to thank for the purchase, was admissible as an aid in determining the question of the procuring cause of the sale.

5. *Witnesses; Cross Examination; Extent.*—Great latitude is allowed in the cross examination of a witness for the purpose of laying a predicate for the introduction of contradictory statements.

6. *Appeal and Error; Record; Presumption.*—All presumptions are in favor of the correctness of the rulings of the trial court, and on appeal the record must affirmatively show error to authorize a reversal.

7. *Same; Questions Reviewable; Instructions.*—Where the bill of exceptions does not affirmatively show the reservation of an exception to the oral charge of the court before the retirement of the jury, the appellate court will not review such charge.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by George J. Clausen against Charles N. Davis, to recover commissions on real estate sale. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BOYLES & KOHN, for appellant. The portion of the court's oral charge excepted to was erroneous.—*Stevens v. Bailey, et al.,* 149 Ala. 256; 33 Pac. 163; 29 S. W. 438. The appellant was entitled to the affirmative charge.— 19 Cyc. 257; *Crostwaite v. Lebus,* 146 Ala. 525; *Hutto v. Stough, et al.,* 157 Ala. 566; *Crook, et al. v. Forst,* 116 Ala. 395. Counsel discuss other assignments of error, but without citation of authority.

GORDON & EDDINGTON, for appellee. No proper exception was reserved to the court's oral charge, and hence, it is not presented for review.—*Hawkins v. Hudson,* 45 Ala. 493; *Sweeney v. Bienville W. Co.,* 121 Ala. 457; *Postal T. Co. v. Hulsey,* 132 Ala. 461. Clausen's

testimony stands unimpeached and uncontroverted as to his authority to act as agent in the matter, and hence, he was entitled to compensation.—*Smith v. Sharp,* 162 Ala. 438; 16 Am. St. Rep. 512; 51 N. Y. 124; 9 Lea. 148; 52 Mo. 249. The court did not err in refusing the affirmative charge requested by the defendant.—Authorities supra. Counsel discuss other assignments of error, but without citation of authority.

DE GRAFFENRIED, J.—In the absence of a special agreement, the general authority of a real estate agent is only to find a purchaser, and to report him to the owner. He has, in the absence of special authority, no power to conclude a sale. His business generally is only to find a purchaser who is willing to buy the land on the terms fixed by the owner.—*Minto v. Moore,* 1 Ala. App. 556, 55 South. 542.

A broker employed to sell land becomes entitled to his compensation as a general rule, whenever a sale of the land is made by his principal to a purchaser introduced by him to his principal. When a broker employed to sell land interests a prospective buyer in the land which he has been employed to sell, and the owner of the land is thereby enabled to make, and does make, a sale of such land to such prospective purchaser, the broker is entitled, as a general rule, to his compensation, although the seller personally conducts all of the negotiations and sells the land for a less sum than the amount for which he authorized the broker to offer the land for sale. In such case the seller is "liable for at least a reasonable commission, and the contract may be introduced as a guide for the jury in arriving at what is reasonable." —*Smith v. Sharpe et al.,* 162 Ala. 438, 50 South. 381; 136 Am. St. Rep. 52. Of course, the mere fact that land which a real estate agent is authorized to sell is sold

by the owner does not alone authorize the broker to recover compensation. The efforts of the broker to sell the land must be the procuring cause of the sale in order that he may be entitled to compensation.—19 Cyc. 257. The office of a real estate broker who is employed to negotiate sales of property is that he should find a purchaser able and willing to buy, and that he should be the efficient cause of bringing the minds of the proposed purchaser and would-be vendor together.—*Birmingham Land & Loan Co. v. Thompson*, 86 Ala. 149, 5 South. 473.

1. It is evident from the above that for the appellee to be entitled to recover any sum of the appellant in this case he must show, by evidence, to the reasonable satisfaction of the jury that there was, in fact, a contract made by him with the appellant, whereby he became authorized, as appellant's agent, to sell the property, and, having offered such evidence then that he was the procuring a cause of the sale which appellant made of the land to Duval. Was there, in fact, a meeting of the minds of Clausen and Davis? If so, what was, in fact, their agreement? Did Clausen understand that Davis would sell for $8,000, and only $8,000? Was it the understanding of the parties, to be gathered from all that was said between them, that if Davis sold to Duval Clausen was to receive commissions only in the event a sale was made at $8,000? If there was a contract between the parties, was Clausen the procuring cause of the sale made by appellant to Duval? Clausen seems to have handed Duval a description of the land, and informed him that the land could be bought for $8,000. Duval seems to have refused to negotiate with Clausen with reference to the purchase of the property, and the negotiations were all conducted by Duval with Davis direct. Did the fact that Clausen handed Duval the

description of the property with the statement that it could be bought for $8,000 operate as the procuring cause of the sale? If so, the appellee, under the decisions of the Supreme Court of Alabama, if he was Davis' agent, was entitled at least to reasonable compensation for the services rendered by him.—*Smith v. Sharpe, et al.,* 162 Ala. 438, 50 South. 381, 136 Am. St. Rep. 52; *B. L. & L. Co. v. Thompson,* 86 Ala. 149, 5 South. 473; *Henderson v. Vincent,* 84 Ala. 100, 4 South. 180; *Bailey, McConnell & Howard v. Smith,* 103 Ala. 643, 15 South. 900.

2. It appears from the evidence that, before Clausen claims to have mentioned the subject of the sale to Duval, Duval had spent some time in the residence with Mr. and Mrs. Phygmyer, who were at that time in possession of the house as tenants of Davis. It further appears from the evidence of Mr. and Mrs. Phygmyer, which, after it was given to the jury, the court excluded on the motion of appellee on the ground that it was irrelevant, that, while Duval was with them as their guest in the house, he expressed himself as greatly pleased with it, made some examination of it, and was informed that it belonged to appellant, Davis. It further appears from that excluded evidence that Phygmyer told Duval that it could be bought for $8,000, but later, in the same conversation, told him that he had no authority to sell it or to place a price upon it. After the sale, Duval, so Phygmyer claims, stated to him that he had "him and Mrs. Phygmyer to thank for the purchase by him of his beautiful home." Mr. Duval, according to the evidence, is a man of good character, but his own evidence, as shown in the bill of exceptions, shows either that he is a man of large affairs, or that his memory is defective. This is plainly shown by the following, which is taken from the first part of his evi-

dence, given on direct examination: "My name is Joseph E. Duval. I know Mr. Davis. During the month of February I bought a piece of property on Monterey and Hamilton streets from Mr. Davis. I don't remember what I paid for the property. I will have to refresh my memory by looking back for the sale. (It was here admitted by counsel that $6,750 was the price the property was sold for.) I know George J. Clausen, the plaintiff in this case. He saw me regarding this property before I bought it. Mr. Clausen gave this property as being for sale, and caused me to go out and look at it. I did not remember at the time whether he was the first man who told me until Mr. Clausen called my attention to it and I told him, 'Yes; I remember now you did.'" We have copied the above excerpt from Mr. Duval's testimony for the purpose of emphasizing our conclusion that the excluded testimony of Mr. and Mrs. Phygmyer was both relevant and material. All of the negotiations which culminated in the sale of the land were conducted personally by Duval and Davis, and unless there was a contract between Davis and Clausen, and unless Clausen was the procuring cause of the sale, then he was entitled to no recovery. Duval's testimony was introduced by appellee for the purpose of showing that he was the procuring cause of the sale, and for that purpose only, and the testimony of Mr. and Mrs. Phygmyer tended to show the contrary. If Duval already knew the property when appellee alleges that he gave him the description of the property, we think that, under the evidence in this case, this should have gone to the jury for the purpose of aiding them in determining the question as to what was, in truth, the procuring cause of the sale. If, after the sale was made, Duval told Phygmyer that he had "him and Mrs. Phygmyer to thank for the purchase by him of his beautiful home," that testimony

[Davis v. Clausen.]

was relevant as a contradiction of Duval's testimony, and on a material point in his testimony.

Great latitude is allowed on the cross-examination of a witness for the purpose of laying a predicate for proof of contradictory statements.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621.

3. The bill of exceptions fails to show that the appellant reserved his exceptions to the parts of the oral charge to which he took exceptions pending the trial and before the jury retired. When an appeal is taken from the judgment of a trial court to an appellate court for review, all the presumptions are that the trial court committed no error. The record, to authorize a reversal, must affirmatively show that the trial court was guilty of error. While we think it probable that the appellant reserved his exceptions to the parts of the oral charge to which he reserved exceptions, pending the trial and before the jury had retired, the bill of exceptions does not affiramtively show that he did so. We are therefore precluded from considering the questions which the appellant desires us to consider with reference to the correctness of parts of the court's oral charge.—*Donahoo & Mathews v. Tarrant*, 1 Ala. App. 446, 55 South. 270.

4. There are certain other matters presented for our consideration, but, as we have undertaken, in the above opinion, to give expression to our views as to the controlling questions presented by the facts of this case, we do not deem it necessary to discuss them.

For the error pointed out, this cause is reversed and remanded.

Reversed and remanded.