# Davis *v.* Clausen.

## *Assumpsit.*

(Decided April 10, 1913.  Rehearing denied May 8, 1913. 62 South. 267.)

1. *Courts; Decisions Governing.*—The Court of Appeals has no authority to overrule a decision of the Supreme Court.

2. *Appeal and Error; Findings; Conclusiveness.*—The appellate court will not reverse the trial court for refusing to set aside a verdict because contrary to the evidence, unless the preponderance of the evidence, after allowing all reasonable presumptions of its correctness, is so decided as to clearly show that it is wrong.

3. *Same; Harmless Error; Evidence.*—Any error in permitting a purchaser to state that his motive in going to see the property was to buy it if it suited him, was harmless, where that was, in fact, his purpose, the issue being whether he was induced by plaintiff to look at the property.

4. *Evidence; Motive.*—As a general rule, except on cross-examination, it is not proper to ask a witness as to his uncommunicated motive or intention.

[Davis v. Clausen.]

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by George J. Clausen against Charles N. Davis. Judgment for plaintiff, and defendant appeals. Affirmed.

BOYLES & KOHN, for appellant. Uncommunicated motives or intentions of a witness are not admissible.— *Smith v. The State,* 145 Ala. 17; *Richardson v. String-fellow,* 100 Ala. 416; *Ball v. Farley,* 81 Ala. 288. The defendant was entitled to the affirmative charge under the evidence.—19 Cyc. 257-8; *Crosswaite v. Lebus,* 146 Ala. 525; *Hutto v. Stough,* 157 Ala. 566; *Crook v. Forst,* 116 Ala. 395; *Davis v. Clausen,* 2 Ala. App. 378. Counsel discuss the refusal of the court to grant a new trial, but in view of the opinion it is not deemed necessary to here set it out.

GORDON & EDDINGTON, for appellee. Most of the questions have been decided adversely to appellant on a former appeal.—*Davis v. Clausen,* 2 Ala. App. 378. The issue was whether plaintiff caused the purchaser to look at the property with a view to purchasing, and hence, it is competent for the party to testify that he went to see the property, with a view to purchasing it if it suited him.—*Hall v. The State,* 146 Ala. 51; *Adair v. Stovall,* 148 Ala. 465; *Fowler v. The State,* 155 Ala. 21. These facts differentiate this case from the cases cited by appellant. Under no aspect of the case was the defendant entitled to the affirmative charge.—*Smith v. Sharpe,* 162 Ala. 436; 44 L. R. A. 335; 16 Am. St. Rep. 512; 9 Lea 148. There was no error in refusing a new trial.—*Davis v. Clausen,* supra.

THOMAS, J.—This is the second appeal in this case. —*Davis v. Clausen,* 2 Ala. App. 382, 57 South. 79.

After that reversal, upon another trial had, there was again a judgment for the appellee, Clausen.

The principles of law involved in the case were settled on the former appeal in line with the latest ruling of our Supreme Court on the subject, as found in the case of *Smith v. Sharpe,* 162 Ala. 438, 50 South. 381, 136 Am. St. Rep. 52, which we are without authority to overrule, if we were so disposed. Hence the correctness of the action of the trial court in overruling appellant's motion to exclude plaintiff's evidence, in refusing appellant's request for the affirmative charge, and denying his motion for a new trial must be tested by the principles of law applicable to the case as declared on the former appeal, and which it is not necessary here to repeat.

The motion for a new trial is predicated upon a number of grounds, and embraces the other two assignments of error mentioned. The meat of the whole contention is that the evidence is not sufficient to justify or warrant the verdict found. The testimony of the plaintiff, corroborated by that of the purchaser and even that of the defendant in some material particulars, tends to sustain, directly in some instances, and by fair inferences in others, every material ingredient of the proof necessary to support a claim for commissions.— *Davis v. Clausen,* 2 Ala. App. 382, 57 South. 79.

When there is evidence to support a verdict, it should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony, or because it may be against the mere preponderance of the evidence. And this court will not reverse a trial court for refusing to set aside a verdict on the ground that it is contrary to the evidence, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so

decided as to clearly convince us that it is wrong and unjust.—*Cobb v. Malone*, 92 Ala. 635, 9 South. 738. We have carefully examined the evidence and are not so convinced.

Except upon cross-examination, as a general rule it is never permitted to interrogate, or for a witness to answer, as to his uncommunicated motives or intentions; but in the present case we are of opinion that there was no injury, if error, in allowing the purchaser of the property to state that his motive in going out to see or look at the property was to buy it, if it suited, and if it did not, not to, since there is no question but what such was his object or purpose. Whether he was induced by the plaintiff or by Plaggmeyer to make the visit and examine the property, with this view, was the issue. The fact that he did so was not disputed.

We find no error in the record, and the judgment is affirmed.

Affirmed.