# Staton *v.* The State.

## *Crime.*

### (Decided May 13, 1913. 62 South. 387.)

1. *Charge of Court; Reasonable Doubt.*—A charge asserting that a reasonable doubt of guilt which authorizes an acquittal is one arising from a consideration of all the evidence, having regard both to what it shows and what it does not show, is proper.

2. *Appeal and Error; Presumptions.*—All presumptions will be indulged in favor of the ruling of the trial court, and in the absence of a contrary showing in the bill of exceptions, it will be presumed that the charges refused were not requested until after the jury has retired to consider their verdict.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Hugh Staton was convicted of an offense, and he appeals. Affirmed.

RUSSELL & JOHNSON, for appellant. The court erred in its oral charge as to reasonable doubt.—*Kirkwood v. State,* 57 South. 504; *Walker v. State,* 153 Ala. 31; *Grimes v. State,* 105 Ala. 86; *Carter v. State,* 103 Ala. 94; *Bell v. State,* 89 Miss. 810. On these same authori-

ties, the trial court should have given charges 2, 3 and 10, requested by defendant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The statement made by the court in the part of its oral charge to which an exception was reserved, to the effect that the reasonable doubt which would justify an acquittal "must be based on the evidence, or spring up from the evidence," is criticised in the argument of the counsel for the appellant on the ground that it excludes a doubt based upon a deficiency of evidence. We are not of opinion that the expression used is subject to such a criticism. In the connection in which it was used it could not well have been understood by the jury as conveying a meaning different from that which would have been conveyed if the court had said that the doubt referred to must be one arising upon a consideration of the evidence in the case, having regard to both what it showed and what it failed to show. There is no error in an instruction to this effect. —*Simmons v. State*, 158 Ala. 8, 48 South. 606; *Walker v. State*, 139 Ala. 56, 35 South. 1011; Underhill on Criminal Evidence, § 12.

The bill of exceptions does not show that the written charges which were refused to the defendant were requested pending the trial and before the jury had retired to consider the verdict. Under the rule requiring all presumptions to be indulged in favor of the rulings of the trial court, it may be presumed that the charges in question were not requested before the retirement of the jury, and that the action of the court in refusing to give them was justifiable because of the defendant's failure to ask them at the proper time.—*Donahoo &*

*Matthews v. Tarrant,* 1 Ala. App. 446, 55 South. 270; *Davis v. Clausen,* 2 Ala. App. 378, 57 South. 79; *New Connellsville C. & C. Co. v. Kilgore,* 4 Ala. App. 334, 58 South. 966.

Affirmed.