(105 So. 705)

### TURNER v. STATE. (7 Div. 188.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Criminal law ⬉553—Jury may discard testimony of state's witnesses exhibiting malice or anger or testifying contradictorily.**

Jury may discard testimony of state's witnesses exhibiting malice or anger against defendant or testifying contradictorily.

2. **Criminal law ⬉1173(2)—Refusal of abstract charge stating correct legal proposition not reversible error.**

Refusal of charge that jury may discard testimony of state's witnesses, exhibiting malice or anger against defendant or testifying contradictorily, *held* not reversible error, in absence of any indication or intimation of prejudice, anger or ill will against defendant in their evidence.

3. **Criminal law ⬉829(12)—Refusal of charge substantially embodied in other charges not error.**

Refusal of charge that jury may discard testimony of state's witnesses exhibiting malice or anger against defendant or testifying contradictorily was not error, where substantially same principle was embodied in court's oral charge and other written charges given at defendant's request, and its refusal probably did not injuriously affect any substantial right of defendant.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Hamilton Turner was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Turner, 213 Ala. 544, 105 So. 706.

Charge 6, refused to defendant, is as follows:

"(6) I charge you gentlemen of the jury that if any of the state's witnesses have exhibited malice against the defendant or anger, or have testified contradictory statements, and thereby satisfied the jury that they have not testified truly and are not worthy of belief, and the jury think their testimony on those accounts should be discarded they may discard it altogether."

Frank B. Embrey, of Pell City, for appellant.

The refusal of defendant's requested charges 6 and 8 constituted reversible error. Adams v. State, 175 Ala. 11, 57 So. 591; Branch v. State, 10 Ala. App. 94, 64 So. 507; McHan v. State, 20 Ala. App. 117, 101 So. 81.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Defendant's requested charges were covered by the oral charge, and there was no error in their refusal.

RICE, J. The defendant was convicted of the offense of distilling, etc., and appeals.

[1-3] Charge 6 refused to defendant states a correct proposition of law. Adams v. State, 175 Ala. 8, 57 So. 591. However, we are unwilling to predicate a reversal of the case upon its refusal, because it appears, from the record, to be abstract. Wright v. State, 156 Ala. 108, 47 So. 201. Moreover, we are of the opinion that substantially the same principle embodied in said charge was given to the jury in the oral charge of the court, in connection with the other written charges given at defendant's request, or that the refusal of this charge did not probably injuriously affect any substantial right of the defendant. A great many of the facts in evidence were not in dispute, and the rules for weighing testimony were amply covered in the court's oral charge. There is no indication or intimation to be gathered from the evidence of any of the state's witnesses that they exhibited any prejudice, anger, or ill will against the defendant.

Charge 8 refused to defendant was fully, substantially—almost in its exact language —covered by and included in the trial court's oral charge, and its refusal was not error.

There was abundant evidence to support the verdict returned, and the defendant's motion for a new trial was properly overruled.

There being no prejudicial error in the record, the judgment is affirmed.

Affirmed.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes