(124 So. 237)

BRACKEN et al. v. ROBERSON.   (8 Div. 33.)

Supreme Court of Alabama.   March 28, 1929.

As Modified, on Denial of Rehearing, June 13, 1929.   Decree Corrected Oct. 31, 1929.

G. O. Chenault, of Decatur, for appellee.

Stell & Quillin, of Russellville, for appellants.

SAYRE, J. Appellants' bill prayed a sale of a 40-acre (approximately) tract of land in Lawrence county in lieu of partition among tenants in common. The bill as last amended concedes the ownership of four-fifteenths of the property to appellee, the sole defendant. Appellee claimed to own the entire fee, and so the cause resolved itself into a trial of title. The judge of the circuit, sitting in equity, found that in virtue of the adverse possession of appellee and his grantor, to whom we shall refer hereafter, the appellee was vested with the title to the entire estate, and dismissed appellants' bill.

We cannot affirm the decree as upon the theory of fact adopted in the circuit court. The title came to the common ancestor of all the complainants, that is, to Olive H. Roden and her seven children, in 1849 by conveyance from Robert King to them as tenants in common in equal interests. Appellee's brief suggests a different source of title, but the record fails utterly to sustain the suggestion. Of the seven children three sons died without issue, they having been killed in the war between the states. Their interests, under the statute of descents of that time, devolved upon their four surviving brothers and sisters. The mother died in 1898. In 1892 she had given her interest by deed—purporting to convey the entire estate, it will be conceded—to Sarah A. Roden, the widow of her son John H. Roden, who died in 1891. In 1873 G. W. Roden, one of the four children then in life, conveyed his interest to John H. Roden by like deed. To John H. and Sarah A., his wife, five children were born. Two years before this suit was brought Alex Roden, one of the five, joined his mother in a deed to appellee, Roberson. Appellee's present interest in the land in controversy is represented by the title he thus acquired from Sarah A. and Alex. His quantum of interest is represented by the fraction $28/160$. The remaining $132/160$ is due to be divided between the complainants, other than the widow and children of Alex, in this proportion, viz.: $35/160$ between Mary Bracken and Arthur Greenhill, the children of Julia Ann Roden, who was one of the children of Olive H. Roden; $35/160$ between Dora, Ellen, and Hart Waldrop, the children of Nancy Waldrop, who was one of the children of Olive H. Roden; $62/160$ between Rufus Roden, Ollie Campbell, Lee Roden, and Ira Jeffreys, children of John H. Roden, who was one of the children of Olive H. Roden—Julia Ann, Nancy, and John H., all named as grantees in the deed from Robert King—this division to be made after costs have been paid and the respective attorneys have received the proportions due to them according to the agreement of the parties shown by the record.

One effect of what has been said is to deny appellee's plea of adverse possession. Olive H. Roden, one of the grantees in the deed of Robert King and mother of the other grantees named therein, remained in possession of the 40-acre tract in controversy for some years. She then conveyed her interest to the widow of Robert H. Roden, her son, and one of the grantees named in the deed of Robert King, and the latter, i. e., the widow, retained possession until the time of her deed to appellee. Appellee contends, as has been noted, that her possession was adverse to her co-owners. There is nothing in the record tending to sustain that contention save only the long lapse of time, and, as appellee evidently assumes, the payment of taxes by her. In the beginning she was nothing more than a cotenant in possession. The evidence strongly supports the theory that in the beginning she was permitted by the other grantees in the deed from Robert King to retain possession in order, to that extent, to aid her in rearing a family of small children whose father had died. This situation was allowed to continue until, with it and the deed from her cotenant mother, she probably came to think the entire fee was in her. But the rule of law is that the possession of a tenant in common, without more, does not operate as a disseisin of cotenants, for, in contemplation of law, she held for them. "A silent possession, accompanied by no act which can amount to an ouster, or give notice to his cotenant of his intention to exclude him, will not make a possession adverse." Abercrombie v. Baldwin, 15 Ala. 363. Acts of ownership are not, in tenancies in common, necessarily acts of disseisin. It depends on the intent with which they are done. Fielder v. Childs, 73 Ala. 574. There must be an

actual ouster; or there must be an entry and continuous exclusive possession, taking the rents and profits, under a claim of exclusive right, which is the equivalent of an actual ouster. Possession and use of the premises by one tenant in common will not, of itself, repel the presumption that the possession is that of all the tenants in common. The intent to hold as exclusive owner, repudiating the rights of cotenants, must be established by the proof and brought home to them. Oliver v. Williams, 163 Ala. 383, 50 So. 937; Winsett v. Winsett, 203 Ala. 375, 83 So. 117. Knowledge or notice of the conveyance to appellee, theretofore a stranger to the title in fee, purporting to convey the entire estate, followed by possession, amounting to a repudiation of the trust relation incident to cotenancy, would have put the statute of limitations in motion. Kidd v. Borum, 181 Ala. 160, 61 So. 100, Ann. Cas. 1915C, 1226; Abercrombie v. Baldwin, supra. But, as we have heretofore noted, the conveyance to appellee antedated the bringing of this suit by two years only. Prior to that time the evidence goes to prove that appellee's grantor acknowledged the rights of her cotenants. At least there is testimony to that effect; the story told of her continued possession is lifelike and human, nor is anything shown to the contrary. She paid taxes; but that, in general, was as much her debt as it was of her cotenants, and, certainly, in view of the situation, no adverse inference is to be indulged against her cotenants on account of this fact alone, for she was in the enjoyment of the usufruct of the land. Our judgment is that appellee acquired no title by adverse possession.

Appellee calls attention to the fact that the joinder of the heirs of Alex Roden in the bill of complaint was a misjoinder and that this, along with the fact that complainants claim interests in the land not exactly commensurate with the·interests assigned to them by law, should operate to bring about an affirmance of the decree even though appellee acquired no title by adverse possession. We have seen that the children of Alex Roden have no interest because of the conveyance by their father. Nor has his widow any right or title because she joined in the deed of her husband. His widow and children have, therefore, no proper place in the bill of complaint. But it does not follow, as formerly it would have, that the decree against their cocomplainants must be affirmed, for now, under the statute, section 6645 of the Code of 1923, it is the duty of the court to "render decree granting such relief as the equity and justice of the case may require, in favor of any one or more complainants." So, on general principles of equity, with respect to the objection that complainants have mistaken and misstated the quantum of their respective interests. That objection goes to the quantum of relief, not relief in toto.

Our conclusion is that the decree should be reversed and the cause remanded, in order that a decree may be rendered in the circuit court in consonance with what has been here said.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SAYRE, J. Due to some confusion, the opinion in this cause was written on the theory that Alex and A. B. Roden were one and the same person. A. B. was Albert, and he joined his mother in the conveyance to appellee's predecessor in ·title. Alex did not join, and his children are entitled to his interest, viz. $14/192$, to be divided between them. Appellee now owns $38/192$ interest. A $42/192$ interest should be divided between Mary Bracken and Arthur Greenhill. Dora, Ellen, and Hart Waldrop together own $42/192$. Rufus Roden, Ollie Campbell, Lee Roden, Ira Jeffreys, and the children of Alex Roden together own a $70/192$ interest. The trial court will by its decree distribute the estate in agreement with these figures.

Decree corrected.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.