173 So. 492

**SCHUESSLER et al. v. SPEARS et al.**
**5 Div. 226.**

Supreme Court of Alabama.
March 11, 1937.

Rehearing Denied April 15, 1937.

A. L. Crumpton, of Ashland, for appellants.

H. T. Burns, of Wedowee, for appellees.

GARDNER, Justice.

The bill seeks a sale of land for division among joint owners, descendants of J. M. Cantrell, and the partnership of Schuessler & Co. that acquired the interest of some of the heirs. The partnership claims to own not merely the fractional interest, but the entire property, and this presents the controversial question in the case.

When J. M. Cantrell, the original owner, died in 1912, this property constituted his homestead. His widow survived until 1934, without any administration being had on the estate of her husband, and without the setting aside of homestead or the assignment of any dower rights.

It appears that this partnership, at the time of the death of J. M. Cantrell, held a mortgage on the property given by him, and some effort was made to show some sort of foreclosure by parol. But the partnership was unable to show any sort of compliance with the power of sale in the mortgage, and it seems no insistence is made that any valid foreclosure was had. The relationship therefore continued as that of mortgagor and mortgagee. Sanders v. Askew, 79 Ala. 433; 41 Corpus Juris 948. And the proof is without dispute that after the death of J. M. Cantrell the partnership accepted the mortgages of some of the heirs, among them Paul Cantrell, in payment and satisfaction of the J. M. Cantrell mortgage. There can be, therefore, no reliance by the partnership upon the J. M. Cantrell mortgage, and it is not so insisted here.

The partnership relies, however, upon the matter of adverse possession of Paul Cantrell, who for a long number of years lived upon the property, sold some of the timber, and in whose name the same was assessed for taxation, and who had conveyed by mortgage, as above indicated. But the proof in this respect failed. The assessment of the property in his name was a mere matter of convenience, the widow furnishing the money and paying the taxes, and the possession of Paul Cantrell was shown to be, not in his own right, but as agent for his mother. The evidence fails to establish any ouster of his cotenants (Bracken v. Roberson, 220 Ala. 152, 124 So. 237) aside from the fact that the widow yet survived during the years without assignment of homestead and dower rights. Nor was there of course any pretense of a title by prescription. Black v. Black, 233 Ala. 425, 172 So. 275.

Upon the merits of the case, therefore, the decree is due to be affirmed.

There was demurrer incorporated in the answer of the partnership, addressed to the technical framing of the bill in failing to accurately designate as defendants those for whom process was prayed, but which was not passed upon by the court—the decree merely reciting a submission upon pleadings and proof for final decree. This presents nothing here for review as to such demurrer, and that all interested persons were before the court cannot be controverted.

We find no error to reverse, and the decree is therefore due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.