10 So.2d 752

**SALTSMAN et al. v. SALTSMAN et al.**

**5 Div. 372.**

Supreme Court of Alabama.

Dec. 3, 1942.

Richard H. Cocke, of Alexander City, for appellants.

A. L. Patterson, of Phenix City, for appellees.

GARDNER, Chief Justice.

The bill seeks a sale of one hundred and sixty acres of land for division among tenants in common. Complainants and defendants are heirs at law, or their descendents, of L. F. Saltsman who died intestate on March 4, 1904, seized and possessed of the real estate described in the bill.

The said L. F. Saltsman left surviving a widow and six minor children, among them F. B. Saltsman. The widow died never having remarried. The other minor children upon reaching their majority conveyed their interest in 120 acres of this land to F. B. Saltsman, each separately by deeds of varying dates in the years 1923 and 1924. It appears also that one of the adult heirs of L. F. Saltsman, to wit, J. F. Saltsman in 1919 conveyed his interest in the entire 160 acres to F. B. Saltsman and in 1921 this same adult heir executed a deed to F. B. Saltsman to the 40 acres of land which was not embraced in the deeds from the minors to the said F. B. Saltsman. As to this latter forty the chancellor concluded that F. B. Saltsman acquired the title thereto by adverse possession under. color of title. But we are unable to find in any of the pleadings by the defendants a reference to the acquisition of title to this forty in any such manner. Nor do we discover any proof concerning adverse possession by F. B. Saltsman or those claiming through him. His grantor J. F. Saltsman was only one of the adult heirs, and any such question of adverse possession is to be viewed in the light of the principles of law concerning the acquisition of title by adverse possession as between tenants in common. These principles are well stated in Ratliff v. Ratliff, 234 Ala. 320, 175 So. 259, and Bracken v. Roberson, 220 Ala. 152, 124 So. 237, and need no repetition here. It is clear enough the record of the deed, without more, is insufficient to charge notice to the cotenants. Ratliff v. Ratliff, supra.

The defendants are the widow and three children of F. B. Saltsman, deceased. In their answer and plea they set up as a defense that at the time of the death of L. F. Saltsman the 160 acres of land was of value not exceeding $2,000 and that the fee simple title thereto vested in the widow and minor children of said L. F. Saltsman, a title subsequently acquired by F. B. Saltsman, through whom they claim.

The chancellor accepted this defense, but there was no averment in the answer or plea to the effect that this 160 acres constituted the homestead of L. F. Saltsman upon his death in 1904. Nor is there averment that it constituted all the real estate owned by the said L. F. Saltsman at the

time of his death. It therefore appears that the pleadings of defendants were insufficient to put in issue the real essential matter upon which their claim to title rested. 30 C.J.S., Equity, § 438, p. 844. Umphrey v. Barfield, 238 Ala. 11, 189 So. 64.

Of course upon the question of title in this regard the rights of the parties are to be determined upon the statutes in force at the time of the death of L. F. Saltsman. Bodcker v. Tutwiler et al., 211 Ala. 537, 100 So. 776. These statutes were §§ 2069 and 2071, Code of 1896. Under the latter statute the fee simple title would vest in the widow and minor children only when the homestead did not exceed in area 160 acres and in value $2,000 and was all the land owned in this State by decedent. Tartt v. Negus, 127 Ala. 301, 28 So. 713.

As previously observed we find neither allegation nor proof as to this matter and of consequence the record fails to show any such vesting of title in the widow and minor children as contended for by the defendants. If the land was not a homestead and all the land owned by decedent a judicial proceeding was necessary under §§ 2070 and 2097–2100, Code of 1896. Thacker v. Morris, 166 Ala. 395, 52 So. 73. There is no pretense of any such a proceeding.

As to the former statute (§ 2069, Code of 1896) admittedly there is no proof of insolvency of L. F. Saltsman, and it is well settled that under that statute a judicial ascertainment of insolvency is essential to vest the fee to the homestead in the widow and minor children. Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281; O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205.

Indeed there is no pretense that § 2069, Code of 1896 can be of any avail here. And as we have previously observed the decree to the effect that the fee simple title vested in the widow and minor children of L. F. Saltsman, deceased, under § 2071, supra, is erroneous and unsupported by the necessary proof. Aside therefore from the deficiency in the pleadings, to which we have adverted, the proof is entirely lacking to defeat complainants claim to relief.

Counsel for appellees mistakenly states in his brief that in the plea filed there is the averment that the lands here involved constituted the homestead of L. F. Saltsman at the time of his death. A careful rereading of the plea fails to disclose any such allegation. It is not contended that it is averred in the plea that the homestead constituted all the land owned by decedent at the time of his death.

Aside from the deeds which were offered in evidence the case was tried upon an agreed statement of facts. There is nothing in this agreed statement of facts indicating that this land was the homestead of L. F. Saltsman or that it constituted all the land that he owned at the time of his death. Indeed appellees do not argue to the contrary.

Counsel appears to rest upon the assumption that under the authority of Long v. Brown, 206 Ala. 154, 89 So. 614, the duty rested upon the complainants to anticipate, as it were, such defense and to negative such essential facts by the proof. But the case of Long v. Brown, supra, bears no proper analogy to the one here considered. The opinion was treating the ruling of the chancellor in sustaining a demurrer to the bill wherein the rule obtains that the pleadings are to be construed most strongly against the pleader. The bill in that case disclosed that the 160 acres of land did constitute the homestead and that at the time the bill was filed it was worth more than $2,000. The holding was that the question of valuation was to be determined as of the time of the death of decedent and that the bill was subject to demurrer for that it showed upon its face an effort on the part of the pleader to fix a valuation many years beyond that period.

The bill in the instant case is merely one for the sale of land for division among tenants in common, and the averments of the bill are sustained by the agreed facts. There was no reference in the bill to any question of homestead and clearly enough complainants were under no duty to anticipate any such defense based upon that theory. The duty rested upon the defendants, a duty which, as we have observed, they have failed to meet both in their pleadings and in their proof.

In view of the whole case, however, and to the end that no injustice ultimately result, we have concluded to remand the cause to the court below for further proceedings, rather than render the decree here, or to remand with directions. We also conclude that justice calls for a taxation at this time of the costs accrued to this date against appellees both in this Court and the Court below.

The decree will be reversed and the cause remanded at the cost of appellees as herein indicated.

Reversed and remanded.

BOULDIN, FOSTER, and LAWSON, JJ., concur.