31 So.2d 146

**STAFFORD v. STATE.**

1 Div. 533.

Court of Appeals of Alabama.

May 27, 1947.

Rehearing Denied June 24, 1947.

164

Sam M. Johnston, Alexander Foreman, Jr., and Johnston, McCall & Johnston, all of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of arson in the first degree. The jury returned the following verdict: "We the jury find the defendant guilty of arson as charged in the indictment

and request the mercy of the court." Thereupon the court duly adjudged him guilty and fixed his punishment at imprisonment in the penitentiary for two years.

The record discloses that Callie M. Stafford, wife of defendant, died intestate on February 22, 1944, leaving as one of her heirs, DeLores Watts, a minor child by a former husband, and two adult children. At the time of her death, she owned a dwelling house and lot located at 1104 Oakdale Avenue, in the City of Mobile, Alabama, which exceeded the sum of $2500 in value. This property was owned by her at the time she married appellant on July 15, 1943, and with her minor child she continued to live there during her marital life until her death, although appellant maintained his home and domicil at 959 Texas Street in the City of Mobile, Alabama.

Upon the death of his wife, appellant was seized of a life estate in her real property, entitling him to the use of said dwelling house during his life, Section 12, Title 16, Code of Alabama 1940; and he and the heirs of his wife stood to each other in the relation of tenant for life and remaindermen or reversioners in fee. Murphy et al. v. May, 243 Ala. 94, 98, 8 So.2d 442; Thompson et al. v. Thompson, 107 Ala. 163, 18 So. 247.

While the domicil of the appellant was the domicil of his wife at the time of her death, since otherwise a family might claim two homesteads, Powers Clothing Co. v. Smith, 202 Ala. 634, 81 So. 576; Talmadge v. Talmadge, 66 Ala. 199, nevertheless, the minor child, DeLores Watts, was entitled by appropriate proceedings to claim homestead exemptions in her mother's real property under applicable Statutes, Williams v. Massie, 212 Ala. 389, 102 So. 611; even though there was a surviving husband. But homestead exemptions may be mere personal privileges, which do not ripen unless perfected at the time, and in the manner prescribed by law. Chamboredon v. Fayet et al, 176 Ala. 211, 57 So. 845; Saltsman et al. v. Saltsman et al., 243 Ala. 495, 10 So.2d 752. If the real property of a parent exceeds in value $2000 at the time of her death, a minor child is privileged under Section 661 of Title 7, Code of Alabama 1940, if there be no other real property out of which a homestead exemption can be carved, to file a petition in the Probate Court or a bill in equity to have it sold, and $2000 from the proceeds thereof applied to the purchase of a homestead. Unless such privilege is exercised prior to the distribution of the decedent's estate, it is forever lost. Section 662, Title 7, Code of Alabama 1940; Chamboredon v. Fayet, supra; Saltsman v. Saltsman, supra. And, of course, until such privilege has been exercised the husband's life estate therein continues unimpaired.

Said DeLores Watts, up to the time of the trial, had not exercised her privilege to have her homestead exemptions set aside to her in the manner prescribed by Section 662 of Title 7, of the Code of Alabama 1940; nor had there been any administration of the estate of Callie M. Stafford, nor any proceedings taken in any court concerning it. Appellant, therefore, having been seized of a life estate in his wife's real property at the very moment of her death—that is to say, the right to the immediate use of said realty during his life under Section 12, Title 16 of the Alabama Code 1940, Murphy et al. v. May, 243 Ala. 94, 8 So.2d 442; Thompson et al. v. Thompson, 107 Ala. 163 18 So. 247, had the right of possession thereto unimpaired at all times. Chamboredon v. Fayet, supra; Saltsman v. Saltsman, supra.

This dwelling house, in which appellant had a life estate, was vacant and uninhabited at the time it burned on February 26, 1946, but the possession thereof, following appellant's right to the use thereof by virtue of Section 12, Title 16 of the Code of Alabama 1940, was in appellant.

The offense of arson, at common law, was a crime against the security of the dwelling house as such, and not against the dwelling house as property, and "If the occupant is in possession rightfully, and burns a house, he cannot in legal sense be guilty of burning the dwelling of another; he burns his own dwelling house." Williams v. State, 177 Ala. 34, 39, 58 So. 921, 922, Ann.Cas.1915A, 584; Peinhardt v. State, 161 Ala. 70, 73, 49 So. 831. Upon this principle, it was held at common law that a

tenant or a lessee in possession was not guilty of arson if he burned a dwelling house of which he was in possession. Williams v. State, 177 Ala. 34, 58 So. 921, Ann. Cas.1915A, 584; 3 Greenleaf on Evidence, Sec. 54; State v. Young, 139 Ala. 136, 36 So. 19, 101 Am.St.Rep. 21; Hannigan v. State, 131 Ala. 29, 31 So. 89; Sullivan v. State, 5 Stew. & P. 175; Peinhardt v. State, supra.

In so far as the relation of landlord and tenant exists, this common law rule has been abrogated by Section 29, Title 14, of Alabama Code 1940, which reads as follows:

"Any person who wilfully sets fire to or burns the property of his wife or her husband, or of his landlord, without the express consent of the owner, to burn such property, shall be guilty of arson in the same manner and to the same degree, and shall be punished in the same manner and in the same degree as if the relation of husband and wife or landlord and tenant did not exist."

But the relation of landlord and tenant of which the Statute speaks is that relation which arises from contract, either express or implied, and where privity of estate exists between them. The Statute in nowise abrogates the rule that no person in possession may be guilty of arson if he burns a dwelling in which he has a life estate. The exceptions to the common law rule are specified in the Statute, which may not be interpreted to include a person in possession not therein specifically mentioned. There is no privity between a life tenant and the remainderman, indispensable to the relation between a landlord and his tenant. 35 C.J. 952, Section 5; Gindrat v. Western Ry. of Alabama, 96 Ala. 162, 166, 11 So. 372, 19 L.R.A. 839; and a life tenant is in no sense a tenant of the remainderman. Gindrat v. Western Ry. of Ala., supra; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Wright v. Graves, 80 Ala. 416; Amos v. Toolen, 232 Ala. 587, 168 So. 687.

The appellant, therefore, being a life tenant, in possession, of the dwelling house which was burned, could not be found guilty of arson under Sections 23 et seq. of Title 14 of Code of Alabama 1940.

The learned trial judge correctly recognized appellant's life estate in the real property by giving to the jury Charge No. 23, reading as follows:

"The Court charges the Jury that if you believe the evidence in this case then the Defendant had the right to the use of the real property that was burned during the term of his natural life; which in turn gave him the right to immediate possession thereof upon the instant of his wife's death."

But the court refused to give the affirmative charge for appellant, or to give appellant's written charge No. 25, which reads as follows:

"The Court charges the Jury that it is not a crime under the laws of Alabama for a tenant for life of real property while in the actual possession thereof to burn the same."

This court is of the opinion the court committed reversible error in refusing said Charge 25.

And likewise the court refused to give at the request of the defendant Charges 24 and 28, which read as follows:

"The Court charges the Jury that under the evidence in this case, Defendant, at the time the house was burned, had the right to the use of said property which right became fixed in him the moment after his wife's death."

"The Court charges the Jury that if you should find from the evidence in this case that neither DeLores Watts, Fred Watts or W. M. Watts was in the actual occupancy of the property at the time it was burned, then the law presumes the possession of said property to have been in the Defendant in this case, he having become entitled to the possession thereof immediately upon his wife's death."

In this ruling the court was also in error.

There was error likewise in the action of the court in refusing to give defendant's requested written charge No. 6, which was as follows:

"The Court instructs the Jury that if you believe that any material part of the evidence of any witness for the State is wilfully false, you may disregard the testimony of such witness."

■ If a witness in a criminal prosecution either wilfully or corruptly swears falsely to a material fact, his evidence may be rejected and it is error not to so charge. Pate v. State, 19 Ala.App. 548, 98 So. 819; Wilson v. State, 243 Ala. 1, 8 So.2d 422; Creel v. State, 23 Ala.App. 241, 124 So. 507.

■ The court was also in error in refusing to give defendant's requested Charge No. 7, reading as follows:

"The Court instructs the Jury that the only foundation for a verdict of guilty in this case is that the entire jury would believe from the evidence, beyond a reasonable doubt and to a moral certainty, that defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt, and if the prosecution has failed to furnish such measure of proof and to impress the minds of the Jury with such belief of his guilt, you should find him not guilty."

This identical charge was held good in the case of Davis v. State, 8 Ala.App. 147, 62 So. 1027. See also in support thereof, Henderson v. State, 11 Ala.App. 37, 65 So. 721; Johnson v. State, 133 Ala. 38, 31 So. 951 and Gurley v. State, 216 Ala. 342, 113 So. 391.

■ Refused Charge 9 should also have been given:

"The Court charges the Jury that if the State's witnesses have exhibited prejudice or anger against the defendant and satisfied you that they have not testified truthfully and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it altogether."

See Turner v. State, 21 Ala.App. 95, 105 So. 705.

■ Refused Charge 11 reading as follows should also have been given:

"The Court charges the Jury that if after consideration of all of the evidence in this case you entertain a reasonable doubt as to defendant's guilt, it makes no difference whether such doubt arises from the evidence or lack of evidence, and you should acquit the defendant."

It is proper to charge, and error to refuse to charge, that a reasonable doubt may arise either from the evidence or a want of evidence. Staton v. State, 8 Ala.App. 221, 62 So. 387.

■ The court, we think, was justified in refusing defendant's requested charges No. 12 and No. 20. Osborn v. State, 30 Ala.App. 386, 6 So.2d 461, and also defendant's requested charge No. 15; Price v. State, 10 Ala.App. 67, 65 So. 308.

■ Refused Charge No. 13 was fairly and substantially covered by given charge 17; Charge 29 refused to defendant was substantially covered by given charge 30. Refused charge No. 21 was substantially covered by the court's oral charge, and other written charges given at the request of appellant.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded to the lower court to be disposed of in accordance with this opinion.

Reversed and remanded.